[No. 482.   August 24, 1892.]

# TERRITORY OF NEW MEXICO, APPELLEE, v. V. P. EDIE, APPELLANT.

CRIMINAL LAW—RAPE—EVIDENCE—INSTRUCTIONS.—On a prosecution, on indictment for rape, under section 1, chapter 24, Laws, 1887, where there was no evidence tending to show that the prosecutrix "through idiocy, imbecility, or unsoundness of mind, either temporary or permanent," was incapable of giving consent, it was not error for the court in its charge to read all of said section to the jury, where the court afterward fully explained to the jury the law governing the commission of the crime defined in the section, since it does not embrace several distinct offenses, but merely defines the different means by which the same offense may be committed.

ID.—EVIDENCE—INSTRUCTIONS.—On such prosecution, where the evidence was that the defendant had importuned the prosecutrix, a girl of fifteen years of age, to drink wine shortly before the offense was committed, and that she became dizzy from the effects of it, the court properly submitted to the jury the question whether the deed was accomplished by producing stupor, and did not err in charging them upon the degree of stupor necessary for the prosecution to prove to warrant conviction.

ID.—INDICTMENT—EVIDENCE—INSTRUCTIONS.—Where, on such prosecution, neither count of the indictment contained any charge of threats, but the first count distinctly charged that the defendant violently and feloniously made an assault upon the prosecutrix, "and against her will, and by forcibly overpowering her resistance, feloniously did ravish and carnally know," and the prosecutrix testified that the crime was accomplished by threats of personal injury if she did not yield, and the use of force, an instruction that if the jury believed from the evidence beyond a reasonable doubt that the defendant did carnally know the prosecutrix, although she did not make the utmost resistance of which she was capable, they might find defendant guilty, provided they believed beyond a reasonable doubt that the defendant threatened to use force and do her great bodily harm if she did not yield, and that she did yield through fear defendant would do her such injury, was not prejudicial to defendant.

ID.—INSTRUCTIONS, WHEN NOT PREJUDICIAL ERROR.—On a prosecution for rape, a defendant who admits the fact of criminal intimacy with the prosecutrix can not complain of an instruction that it contains an imperfect statement of what is necessary to constitute such intimacy.

ID.—EVIDENCE—CORROBORATION—INSTRUCTIONS.—On such prosecution, where it was in evidence that the prosecutrix told her mother of the commission of the deed soon after its occurrence, it was not error for the court to instruct the jury that such fact was a corroborating circumstance, tending to sustain the truth of her statements.

ID.—INSTRUCTION, NOT PREJUDICIAL, WHEN.—An instruction, in such case, that, if the jury believed from the evidence, the prosecutrix made no outcry, at the time the offense was alleged to have been committed, and made no complaint of the offense to others, but concealed it for a considerable time thereafter, they should take this circumstance into account, with all the other evidence, in determining the question of the guilt or innocence of the accused, was not prejudicial to defendant, especially not where the defendant himself introduced evidence to show that the prosecutrix was a girl whose character for chastity was not above suspicion.

ID.—INSTRUCTIONS, WHEN PROPERLY REFUSED.—Instructions embodying the same idea as those previously given by the court may be properly refused.

ID.—CONFLICT OF TESTIMONY—VERDICT.—On a prosecution for rape, where there is a direct conflict between the testimony of the prosecutrix and of defendant as to whether the act of criminal intimacy, admitted by defendant, was committed by force and against her will or not, the verdict of the jury will not be disturbed.

ID.—VERDICT, IRREGULARITY OF, WILL NOT BE SET ASIDE FOR, WHEN.— Where it appeared on such trial that, after the jury had retired for deliberation and had reached a verdict, one of the jurors withdrew from the jury room into the court room and had an officer write out the verdict, dictated in substance by the juror, who returned with it to the jury room, and a copy of the same was returned into court, signed by the foreman, as the verdict of the jury, and it was not contended and did not appear that the form so prepared had anything to do with the jury's deliberations, or that the defendant's rights were prejudiced thereby, though it was an irregularity highly censurable, the verdict will not be set aside.

APPEAL, from a judgment convicting defendant of rape, from the Second Judicial District Court, Bernalillo County.   Judgment affirmed.

The facts are stated in the opinion of the court.

NEILL B. FIELD for appellant.

Where the statute defines several distinct offenses, and the indictment covers only one of such offenses, it

is error to embody the entire statute in the charge. Miller v. State, 18 S. W. Rep. (Tex. App.) 197; Jones v. State, 3 Id. (Texas) 478; Proffat on Jury Trials, sec. 329.

There was a total failure of proof upon the second count, and it was error to let the case go to the jury on that count. Endlich on Int. Statutes, sec. 329, and cases cited.

Instructions based upon a state of facts of which there is no evidence are erroneous. Beavers v. State, 15 S. W. Rep. 1024; State v. Whittaker, 12 Pac. Rep. 106; Burney v. State, 1 S. W. Rep. 458; Chambers v. People, 105 Ill. 409; People v. Bird, 60 Cal. 7.

The court erred in the sixth paragraph of the charge in telling the jury that fear of violence from the defendant would excuse the prosecuting witness from communicating the fact of the commission of the crime to others, instead of telling them it was for the jury to say whether under all the facts the failure to communicate the fact of the commission of the crime was excusable. Proffat on Jury Trials, secs. 322, 323, and cases cited; Id. 327.

The charge of the court should be limited to the case made by the evidence, and should omit all issues not arising upon the testimony. Hartwell v. State, 3 S. W. Rep. (Tex.) 715; Boddy v. State, 14 Tex. App. 528; Hardin v. State, 13 Id. 192.

The court ought to have given the instructions asked by defendant, as they were abstractly correct, applicable to the case, and not covered by the charge of the court. Proffat on Jury Trials, sec. 313, and cases cited.

It was misconduct on the part of the jury, such as calls for a reversal, that a member of the jury should leave the jury room and procure a person not a member of the jury to write out a form of verdict, such separation and communication being in direct disobe-

dience of the orders of the court. People v. Brannigan, 21 Cal. 337; State v. Prescott, 7 N. H. 287; Reily v. State, 9 Humph. 654; McCann v. State, 9 Smedes & Marsh. 465.

In cases of this character a conviction should never be permitted to stand upon the uncorroborated testimony of the prosecuting witness. Wharton, Crim. Law, sec. 565, and cases cited.

See following cases where the courts have refused to sustain verdicts of guilty on charges of rape: Bueno v. People, 28 Pac. Rep. 248; Rhea v. State, S. W. Rep. 931; State v. Patrick, Id. 666; Rehm v. State, 16 Id. 338; Hallis v. State, 9 South. Rep. 67; Brown v. Commonwealth, 82 Va. 653; Brown v. State, 76 Ga. 623; Dickey v. State, 21 Tex. App. 430; Gifford v. People, 87 Ill. 210.

In a case of this character, which is so easily fabricated, and so calculated to arouse prejudice against the defendant as to make it extremely difficult for a jury to weigh the evidence dispassionately, the appellate court should interfere more readily to set aside a verdict as against the evidence, and if it appears against the weight of the evidence it should be set aside. Connors v. State, 47 Wis. 523; State v. Wise, 50 N. W. Rep. 59; Montgomery v. State, 16 S. W. Rep. 342; Morrow v. State, 16 S. W. Rep. 652; Reed v. State, 11 Id. 372.

Where the evidence is sufficient only to raise a bare suspicion of defendant's guilt, a judgment of conviction should be reversed. Stevens v. State, 16 S. W. Rep. 764.

EDWARD L. BARTLETT, solicitor general, and W. H. WHITEMAN for appellee.

It was not error to submit the question of defendant's guilt under the second count of the indictment. The evidence sustains the verdict under that count. 2

Bishop on Crim. Law, sec. 1126; Whart. & Still. Med. Jur. [2 Ed.], secs. 443, 459.

The gist of the charge is that defendant forcibly overcame the resistance of the prosecutrix. How such force was manifested, whether by main strength or by putting her in fear, is immaterial. It is not necessary, or proper, in an indictment to plead evidence. 2 Bish. on Crim. Law, sec. 1125; Wright v. State, 4 Humph. 194.

Misdirection by the court is not error if the jury were not misled. Thomp. on Jury Trials, 2401, 2402; Hilliard on New Trials, pp. 44–260.

Although the second and third instructions may have been good law, it was not error to refuse them, they being contained in the court's charge. Thomp. on Jury Trials, 2352; People v. Strong, 30 Cal. 151; Laber v. Cooper, 7 Wall. (U. S.) 565.

The rule relating to the separation of the jury and communications with the jury has been greatly modified in late years. The rule now is that the party complaining, and asking for a new trial upon that ground must show that prejudice resulted. 2 Graham & Waterman on New Trials, 317; People v. Boggs, 20 Cal. 435; People v. Symonds, 22 Id. 352.

O'BRIEN, J.—V. P. Edie was indicted for rape at the March term, 1891, of the district court for Bernalillo county; pleaded not guilty; was tried, convicted, and sentenced to the penitentiary for the period of five years. A motion for a new trial was made and denied, and the defendant appealed from the judgment. The indictment was drawn under the provisions of section 1, chapter 24, Laws, 1887, and contains two counts. The first count charges that the crime was committed by forcibly overcoming the resistance of the prosecutrix; and the second that it was committed by administering wine, an intoxicating narcotic, whereby, from stupor and weakness, the victim was

prevented from resisting the force used by the defend-
ant to accomplish his purpose. The section of the
statute upon which the indictment is founded reads:
"Section 1. That a person perpetrating rape upon, or
an act of sexual intercourse with, a female, when the
female is under the age of fourteen years, or, when
over fourteen years of age, through idiocy, imbecility,
or any unsoundness of mind, either temporary or
permanent, she is incapable of giving consent, or when
her resistance is prevented by stupor or by weakness
produced by an intoxicating narcotic or anesthetic
agent administered by or with the privity of the
defendant, is punishable by imprisonment for not less
than five years, nor more than twenty years." The
grounds of error upon which appellant relies for a
reversal are—First, misdirections given by the court to
the jury; second, the insufficiency of the evidence to
support the verdict; third, irregularities committed
by jury in allowing a court bailiff to draw their verdict.

1.    There was no evidence received during the
trial tending to show that the prosecuting witness,
RAPE: evidence:    "through idiocy, imbecility, or unsound-
instructions.    ness of mind, either temporary or perma-
nent," was incapable of giving consent. The court,
in its instructions, read the entire section above set
out to the jury. This appellant claims was erroneous,
as it had a tendency to impress upon the minds of the
jurors the idea that it was their province to determine,
from the mere appearance of the prosecuting witness
upon the stand, whether she was, "through idiocy,
imbecility," etc., incapable of giving consent, in the
absence of any evidence favoring the existence of such
a state of facts. The contention of the appellant
would be meritorious if the section read embraced
several distinct offenses; but it does not. It merely
defines the various means by which the same offense

may be committed. Besides, the court afterward fully explained to the jury the law governing the commission of the crime as defined in the section. And in such case it is not error for the court to read to the jury all the section of the statute in pursuance of which the indictment is drawn. Hobbs v. State, 7 Tex. App. 117.

Appellant further insists that the court erred in permitting the case to be submitted to the jury upon

EVIDENCE: the second count, over his objection, instructions. because he contends there was a total failure of proof to support that count. There was evidence that the defendant had importuned the prosecutrix to drink wine a short time before the commission of the alleged offense, and that she had taken the wine three or four times. She also testified that it made her dizzy: "It made me dizzy; for three or four days I was out of my head." To what extent the prosecutrix, a girl of fifteen years of age, was affected by the use of the wine, was a question of fact to be determined by the jury, from all the evidence before them; and we see no error in the court's submitting that count to them upon such evidence, and in instructing them upon the degree of stupor, or the extent of the weakness, essential for the territory to prove, in order to warrant a conviction under that count.

The defendant insists that the court erred in giving instructions to the jury in reference to threats of personal violence, on the ground that there was no evidence of such threats being used before the commission of the act; "and that the idea embodied in the charge was calculated to lead the jury to believe that threats of personal violence, made subsequent to the act of intercourse, would be sufficient to excuse the prosecutrix from making the utmost resistance at the time the act was committed." The court's charge

upon this point is, omitting the name of the female,
as follows:    "If the jury believe from the evidence,
beyond a reasonable doubt, that the de-

INDICTMENT:
  evidence:
  instructions.

fendant had sexual intercourse with the
prosecutrix, although she did not make
the utmost physical resistance of which she was capable
to prevent such intercourse, provided the jury believe
beyond a reasonable doubt that the defendant threat-
ened to use force and do her great bodily injury in
case she did not submit, and that she did submit to
sexual intercourse through fear that the defendant
would do her great bodily injury."    The prosecutrix
had testified: "When he got to his place, I wanted to
go home; but he would not let me go home. He just
pulled me in. He says, 'I have to go in;' and I told
him that I did not want to go in. I told him I wanted
to go home. He says, 'No; you won't.' He says, 'I
won't let you go home.' Then he pulled me in, and
locked the doors, and would not let me go out."    The
indictment in neither count contains any charge of
threats, but the first count distinctly charges that the
defendant violently and feloniously made an assault
upon the prosecutrix, "and her, the said ——, then
and there violently, and against her will, and by
forcibly overcoming her resistance, feloniously did
ravish and carnally know."    Threats may be an ele-
ment of force, and may be express or implied, and are
a matter of proof not always necessary to be pleaded.
In the light of all the evidence in this case, it appears
impossible to see how this instruction could have
injured the defendant.

The chief question for determination under the
first count was, did the defendant forcibly overcome
the resistance of the prosecutrix.    The substance of
the testimony upon this point is simple and direct:
On the twenty-seventh of November, 1890, at Albu-
querque, about 3 o'clock in the afternoon, the defend-
ant took the prosecutrix into his buggy, and drove

about from place to place, stopping at several places where he obtained wine, which he gave the girl to drink. About dark he drove up to his place of business, which contained his private bedroom. Upon getting out of the buggy, he took her by the arm, and pulled her into the bedroom, locked the door, threw her upon the bed, and, by superior force, ravished her. That thereafter he left the room, locked the door behind him, and, after a short absence, returned with oysters and wine, which he gave her to eat and drink. After this the defendant undressed and went to bed, and asked the girl to do likewise. She refused, and he then pulled a pistol, and, saying he would kill her, fired and shot her through the hand. He kept her in his room all night, and in the early morning turned her out, and, giving her $1.20, told her to go over to old town on the street car, and that if anyone asked her any questions to say that a Mexican had shot her, and that if she told anyone what he had done to her he would kill her. She further testified that similar threats had been used at different times during the' evening, before this shooting took place. The threats, whether uttered before or after the commission of the act, tend to show the relations existing between the parties during the time that they were in the bedroom. It is not probable that a man would shoot or threaten to kill the willing victim of his lust. In view of the peculiar facts and circumstances of this case, we can not say that the court erred in giving the instruction.

The court also charged the jury " that in a prosecution for rape upon a female above the age of fourteen years, where the people rely exclusively upon the proof

**INSTRUCTIONS, when not prejudicial error.** that threats and intimidation are employed to gain the consent of the female upon whom the rape is charged to have been committed, such threats and intimidation, together with actual contact of the sexual organs, must

be proved beyond a reasonable doubt, before the accused can be convicted of rape." Appellant complains of this instruction, because actual contact of the organs is declared to be sufficient to constitute an act of sexual intercourse. But the complete act is admitted by the defendant, and he has no right to complain of the imperfect statement of an act of which he admits that he is guilty.

The fifth paragraph of the charge, "If the jury believe from the evidence that the prosecuting witness told her mother of the assault alleged to have been committed on her, at the earliest opportunity, then that is a corroborating circumstance, tending to sustain the truth of her statements," is not open to objection, as it is in evidence, and uncontradicted, that she did tell her mother soon after the occurrence; and neither it, nor the one immediately following, to wit, "If the jury believe from the evidence that, at the time the offense is alleged to have been committed, the prosecuting witness made no outcry, and did not complain of the offense to others, but concealed it for a considerable length of time afterward, then the jury should take this circumstance into account, with all the other evidence, in determining the question of the guilt or innocence of the accused, and whether a rape was in fact committed or not," could prejudice the jury against defendant's rights, especially when it is remembered that the defendant introduced testimony for the purpose of showing that the prosecutrix was a woman whose character for chastity was not above suspicion.

*EVIDENCE: corroboration: instructions.*

*INSTRUCTION, not prejudicial, when.*

We have carefully examined all, and can discover no material error in any of the instructions given by the court. But appellant urges that it was error for the court to refuse to give instructions 1, 2, and 3 asked by the defendant. The first was a direction to the jury

to find the defendant not guilty on the second count of the indictment for failure of proof to sustain the same. But there was evidence, in the view that we have taken of that count, tending to support it, and it was for the jury to say whether it was sufficient for the purpose or not. The second and third instructions asked to the effect "that to convict the defendant the jury must be satisfied that the resistance of the prosecutrix was forcibly overcome, and that she neither expressly nor impliedly consented," was properly refused, as instructions embodying the same idea had been previously given by the court. This brings us to appellant's second ground of error.

INSTRUCTIONS, when properly refused.

2. Was there sufficient evidence to support the verdict? It may be safely stated, as a rule of almost general application, that, in a criminal case, to justify an interference with the verdict, there must be either an absence of competent evidence against the accused, or a decided preponderance in his favor. People v. Ah Loy, 10 Cal. 301. If there is no legal evidence to sustain the verdict, it will, of course, be set aside; but where there is proper evidence on both sides, in direct conflict, the court has no right to invade the province of the jury in passing upon the credibility and weight of the testimony. In a well considered case in the state of Missouri, having many traits in common with the one under consideration, in which there was a direct conflict, the girl swearing to an act of sexual intercourse by force and against her will, and the defendant testifying, as the appellant in this case testified, that the act was committed with the girl's consent, the court held that with such conflict of evidence it was not its province to interfere, it being the especial duty of the jury to determine what degree of credibility is to be attached to the testimony of the several witnesses. State v. Hert,

CONFLICT of testimony: verdict.

89 Mo. 591. In the state of Virginia a fourteen year
old girl testified that her stepfather had sexual inter-
course with her, against her will; that he had forbid-
den her to tell her mother; that she did not tell her
for six days thereafter. Notwithstanding the step-
father's denial, he was convicted on the testimony of
the girl, and the refusal of the court below to grant a
new trial was sustained by the supreme court. Bailey
v. Com., 82 Va. 107. The testimony of the girl in this
case was amply sufficient, corroborated as it was by
proof of complaint made to her mother of the outrage
committed upon her within a short time after its com-
mission, to establish defendant's guilt under one or
both of the counts in the indictment. It is true the
defendant, when testifying in his own behalf, while
admitting the act of sexual intercourse, swore positively
that the girl freely consented to its commission. Had
the jury believed the defendant, he could not have
been convicted. But the jury did not believe him,
and we can not say that their incredulity was unwar-
ranted.

3. Appellant urges with much earnestness and
force his last ground of error, misconduct of the jury,
in allowing a bailiff or deputy sheriff to draw their
verdict. It appears that the jury, after retiring and
deliberation, had agreed upon a verdict.
WHEN verdict will
not be set aside
for irregularity.
Thereupon one of its members withdrew
from the jury room into the court room,
where he met a deputy sheriff, whom he requested to
write a verdict, dictated, at least in substance, by the
juror. The officer did as requested, whereupon the
juror returned into the jury room with the form of a
verdict so written. The transaction, as evidenced by
the record, is thus set out in an affidavit: "Affiant,
Thomas S. Hubbell, being first duly sworn, on his oath
deposes and says that he is a deputy sheriff in the
county of Bernalillo and territory of New Mexico, and

that on the morning of the twenty-sixth day of March, 1891, about the hour of 6 1-2 o'clock, Jose Dario Aragon, a member of the jury in the above entitled cause, came to affiant in the courthouse, and asked affiant to prepare for him a verdict finding the defendant guilty, and sentencing him to imprisonment for five years in the penitentiary, and thereupon affiant wrote out and gave to said Aragon a verdict in the Spanish language, finding the defendant guilty, and assessing his punishment at imprisonment in the penitentiary for five years. The said Aragon took the said paper so written by affiant, and returned to the jury room. A copy of the same paper was returned into court, signed by the foreman, as the verdict of the jury in said cause.'' It does not appear, nor is it claimed, except in argument, that the form so written had anything to do with the result of the jury's deliberations. Whilst it is an irregularity, censurable in the highest degree, the extreme rigor with which it was visited under the ancient rule has been considerably relaxed in modern practice. It is now almost universally established that, unless it appears that such interference takes place for some corrupt or sinister purpose, or that such conduct has been prompted by the parties and has resulted injuriously to one of such parties, the verdict will not be disturbed, either in civil or criminal cases. 2 Grah. & W. New Trials, 317; People v. Boggs, 20 Cal. 435; People v. Symonds, 22 Cal. 352. It not appearing that the defendant's rights were either impaired or imperiled by such irregularity, we can not hold it error solely on eloquent counsel's vivid portrayal of the grave injustice that may sometimes result from such misconduct. Finding no errors in the record, the judgment appealed from is affirmed.

SEEDS and McFIE, JJ., concur. FREEMAN, J., did not hear the argument in this case.