The State v. McLaughlin.

---

THE STATE v. McLAUGHLIN.

1. **Evidence**: IMPEACHMENT OF WITNESS. To render competent a question asked for the purpose of laying the foundation for impeaching a witness, his attention must be directed to the particular time or circumstance to which the question relates.

2. ——: CRIMINAL LAW: RAPE. In the trial of an indictment for rape, evidence that bruises were found upon the person of the prosecuting witness two or three weeks after the offense was alleged to have been committed, was *held* proper to be submitted to the jury, who should give it whatever weight they deemed it entitled to receive.

3. ——: WHEN INCOMPETENT IS ADMITTED. If the defendant in a criminal trial permits incompetent evidence to be introduced without objection, its admission cannot be made the ground of reversal of a judgment against him.

4. ——: CRIMINAL LAW: ADMISSIONS. Admissions of the accused to the officer who made the arrest and the justice before whom the information was laid, made voluntarily and uninfluenced by hope or fear, were *held* to have been properly received in evidence.

5. ——: ——: STATEMENTS OF DEFENDANT. The defendant was charged with the crime of rape in an information laid before a justice of the peace to whom he made a statement respecting the alleged offense, and the venue was changed to the mayor to whom he made another statement: *Held*, that these statements were not admissible in evidence.

6. ———: ———: RAPE. The fact that the crime of rape has been committed may be established by the evidence of the injured party, but a person cannot be convicted upon her testimony unless it be corroborated by other evidence tending to connect the accused with the commission of the crime.

7. ———: ———: ———. It was properly left to the jury to determine whether or not the bruises found upon the person of the prosecuting witness, were a sufficient corroboration of her testimony to connect the defendant with the commission of the crime. .

8. **Jury:** MISCONDUCT OF. If the affidavit of defendant be admissible to prove that a juror drank intoxicating liquors during the progress of the trial, it ought only to be received when no other evidence is admissible, and ought to be explicit in giving the juror's name and the time and place when the act took place.

### *Appeal from Johnson District Court.*

### THURSDAY, SEPTEMBER 21.

THE defendant was indicted for rape, was tried, convicted of an assault with intent to commit a rape, and was sentenced to the penitentiary for three years. He appeals.

*Slater & Edwards* and *Clark & Haddock*, for appellant.

*M. E. Cutts*, Attorney General, for the State.

DAY, J.—I. Upon the trial the defense asked the prosecuting witness the following question: "Do you recollect of 1. EVIDENCE: having a conversation with Mrs. McLaughlin, in impeachment of witness. which any one was said to have committed a rape, and in which you used, in substance, the following words: that you would swear to a lie any time in order to make a man pay you?" The State objected to this question, and it was excluded. The ruling is now assigned as error. It is claimed that this question was proper, in order to lay the foundation for impeachment. The attention of the witness was not directed to any particular time or conversation, and for this reason the question was properly excluded.

II. Evidence was introduced showing that bruises were found upon the person of the prosecuting witness from two

and one-half to three weeks after the time the offense is
2. ——: crim- alleged to have been committed. It is objected
inal law:
rape.    that this testimony should not have been allowed
to go to the jury. The fact that the bruises were not seen until
so long after the alleged injury was sustained, would, very
properly, weaken the force of the fact that bruises existed, but
could not render evidence of their existence incompetent.
The testimony was properly submitted to the jury, in con-
nection with other proof in the case, and was entitled to such
consideration as to the jury seemed proper, in view of the
entire testimony produced.

III. Mary Warner, a witness for the State, testified that
the prosecuting witness, on the Monday following the Satur-
3. ——: when day on which the outrage is alleged to have been
incompetent
is admitted.    committed complained of being so sore that she
could hardly move. It does not appear that any objection was
made to this testimony at the time it was produced. When a
prisoner permits illegal testimony to be given to the jury
without objection, he cannot make the admission of the tes-
timony a ground for reversal. *State v. Polson*, 29 Iowa, 133,
and cases cited.

IV. It is assigned as error that the court received in evi-
dence the admissions of the defendant as to the commission of
4. ——: crim- the offense, to the marshal who arrested him and
inal law: ad-
missions.    to the justice before whom the information was
filed. The admissions seem to have been voluntary, and do
not appear to have been instigated through hope or fear. We
discover no legal objection to their admissibility.

V. The information was filed before Esq. Cavanagh,
and the preliminary examination occurred before the mayor.
5. ——: ——: The defense sought to introduce what the defend-
statements of
defendant.    ant said at the mayor's office. The court ruled
that defendant might introduce what was said, so far as the
conversation goes that Esq. Cavanagh detailed, but that
defendant could not go into the testimony that he gave on
the preliminary examination. The defense then made an
offer of the parol statement that was made before the magis-
trate, or the oral statement made before the mayor, purport-

The State v. McLaughlin.

ing to be a statement of the facts. The court excluded this because there was a change of venue, and the statement was made before another justice. The defendant concedes that this oral statement would not ordinarily be admissible, but claims that as defendant's other statements had been received, the oral statements made at the esquire's and mayor's offices should have been admitted, for the reason that it was a part of the conversation with Esq. Cavanagh in which it is claimed defendant admitted he was guilty of a rape. The court, however, ruled that the defendant might give in evidence whatever was connected with the conversation with Cavanagh, and excluded only defendant's testimony upon the preliminary examination. In this ruling we discover no error.

VI. The court, in substance, instructed the jury that the fact that the crime was committed by some one, may be established by the testimony of the injured party, but to ascertain the guilty party it is necessary that the complainant be corroborated by other evidence tending to connect the defendant with the crime, and such as, when considered with the complainant's testimony, establishes the defendant's guilt beyond a reasonable doubt. The defendant assigns the giving of this instruction as error. The instruction, we think, is correct. The corroboration which the statute requires is evidence tending to connect the accused with the offense charged. Section 4560 of the Code provides: "The defendant, in a prosecution for rape, * * * * * cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense." In order to sustain appellant's theory the statute should have read: "The fact that a rape has been committed cannot be established by the testimony of the injured party alone."

VII. The court instructed the jury as follows: "In regard to the bruises found upon the person of the complaining witness, if you believe from all the evidence that she received these injuries at the time defendant had criminal intercourse with her (if he did so have), and you further find that the defendant distinctly confessed that he

had carnal knowledge of the complainant, but with her consent, the confession, together with the bruises are, to a certain degree, corroboration of the complainant that force was used, and that the criminal intercourse was without her consent. Whether it sufficiently corroborates the complaining witness is for you to determine, under all the circumstances disclosed in evidence." It is objected to this instruction, that it authorizes the jury to find from the uncorroborated testimony of the complaining witness, that the bruises on her person were received at the time of the confessed connection. The instruction is not, upon this ground, objectionable, for, as we have already seen, the fact that a rape was committed may be established by the testimony of the injured party alone. It is only the connection of the accused with the offense that needs corroboration. The court properly left to the jury to determine whether the injuries were received at the time of the alleged outrage, and whether they, in connection with the defendant's admissions, were sufficient to connect him with the offense.

VIII. After the verdict was returned the defendant filed his affidavit, stating that one of the jurymen drank intoxicating liquors during the progress of the cause, and that he saw him drink liquor twice during the trial. This was made one of the grounds of the motion to set aside the verdict and grant a new trial. The affidavit is so indefinite and unsatisfactory, that the court, we think, properly disregarded it. The name of the juror is not stated, nor are the time and circumstances of the alleged drinking given. If the affidavit of the defendant be admitted at all to prove intoxication of a juror, it certainly ought to be confined to cases where no other proof is practicable, and where a failure of justice might result from its rejection. But if a defendant is entitled to a new trial, by simply making his affidavit, after the jury have been discharged and have separated to their homes, that he saw one of them drink intoxicating liquor during the trial, it may safely be asserted that no defendant will permit a verdict to stand, which is not satisfactory to him.

8. JURY: misconduct of..

IX.   The indictment is for rape.   The defendant was convicted of an assault with intent to commit a rape.   Defendant insists that the conviction cannot be sustained under the indictment.

"Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense, if punishable by indictment.   In all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."  Code, sections 4465-6.   These sections fully cover the case. Rape cannot be committed without an assault; nor can it be committed without an intent to commit it.   The offense of rape necessarily includes an assault with intent to commit a rape.

X.   It is claimed that the verdict is not sustained by the testimony.   The prosecuting witness testifies positively to the commission of the offense.   Whether she was sufficiently corroborated by the admissions of the accused, was properly submitted to the jury.   We do not feel warranted in disturbing their finding.   Where it is clearly shown that the assault was made by the prisoner, with intent to commit the offense, the jury may convict of the assault, though not satisfied that at the time he accomplished his purpose there was such want of consent as to constitute the higher crime.   *State v. Cross,* 12 Iowa, 66.

The record discloses no sufficient ground for disturbing the judgment.

AFFIRMED.