THE STATE OF IOWA, Appellee, v. HUGH CASSIDY, Appellant.

85  145
127  691

85  145
e141  527

1.  Rape: FORCE: EVIDENCE. Where the subject of an alleged rape was aged thirteen years and six months at the time of its commission, and the defendant admitted having had sexual intercourse with the prosecutrix, but with her consent, and it appeared from the testimony of the prosecutrix that the place where the rape was alleged to have been committed was at a building situated not more than sixty yards from her home, and with an open door on the side next to the house, but that she made no outcry, and made no complaint of being injured, and there were no marks or scratches or bruises on her person, nor hemorrhage from her private parts, and after the occurrence she remained until she procured some hot water for which she had come, carried it home and went about her work as though nothing unusual had happened, *held*, that a verdict finding the defendant guilty was not supported by the evidence.

2.  ————: CHARACTER OF PROSECUTRIX: EVIDENCE. The defendant offered to prove by his wife that, while the prosecutrix was visiting at the defendant's house, some time before the alleged rape, she acted so immodestly that the defendant's wife ordered her to go home, and that she refused to go, and stated to his wife that she was in the habit of going to the building where the defendant was employed, "and playing with him and using him, whenever she pleased." *Held,* that, a proper foundation being laid, the evidence should have been received.

*Appeal from Lucas District Court.*—HON. E. L. BURTON, Judge.

MONDAY, MAY 16, 1892.

THE defendant was indicted, tried and convicted of the crime of rape. He was sentenced to imprisonment in the penitentiary for five years, and he appeals. —*Reversed.*

*M. L. Temple, W. B. Barger,* and *W. H. Sanders,* for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the State.

Rothrock, J.—The case is before us upon a full transcript of the evidence, including all of the rulings of the court bearing upon the evidence. We also have the charge of the court to the jury. The arguments of counsel are quite brief, and that of the counsel for the defendant is confined mainly to a discussion of the evidence, and the claim that there was not sufficient corroboration of the complaining witness to authorize a verdict of guilty. The prosecuting witness testified that she went from her father's house, a distance of about sixty yards, to an air shaft connected with a coal mine, for a bucket of hot water. There was a steam engine and machinery in operation at the air shaft, and the defendant was engaged there as a laborer. She testified that while at the air shaft the defendant took hold of her, and carried her behind the steam boilers, and, by force and against her will, had sexual intercourse with her, and that afterwards she obtained the hot water which she went for and went to her home. She testified that this occurred in the month of April, 1890. The trial was had in September of the same year, and the prosecuting witness was then about fourteen years old. The defendant is of the age of about thirty-five years. He is married and has two or three children. It does not appear that the complaining witness told her father and mother that she had been ravished by the defendant until about the twenty-ninth day of May, 1890; and she did not then voluntarily communicate the fact to her parents. It appears that the defendant had stated that he had criminal intercourse with her with her consent, and without using force; and that when the parents of the girl heard of it they called her to account for it, and she then made the claim that the defendant had

committed a rape upon her. No witness, other than the prosecutrix, testified to any fact which corroborated her, further than that she and the defendant had criminal intercourse with each other. She was corroborated as to the act of sexual intercourse by admissions of the defendant, testified to by other witnesses, and by the defendant himself in his testimony as a witness on the trial. But all of this evidence was to the effect that no force was used, and that the prosecuting witness was willing to engage in the unlawful act, and in fact invited the defendant to engage in its commission. It is evident that the jury did not believe the statements of the defendant further than they involved an admission that the sexual intercourse took place, and this court long ago established the rule that, in a prosecution for a rape, the fact that a rape was committed may be established by the testimony of the injured party alone, and that it is only the connection of the accused with the offense that requires corroboration, under section 4560 of the Code. *State v. McLaughlin*, 44 Iowa, 82.

But there are other considerations in this case which lead us to hesitate about approving the verdict of the jury. We are not unmindful of the fact that the prosecuting witness, at the time of this alleged outrage upon her, was aged about thirteen years and six months, and that ordinarily the force requisite to overcome the will of a girl of her years would not be such as would be necessary to constitute the crime with an adult female. But, giving all due consideration to the tender years and want of judgment and discretion of the complainant in this case, we doubt and hesitate whether this defendant should be incarcerated in the penitentiary for five years, when we consider the whole of the testimony of the complainant touching the alleged outrage upon her. We will briefly recite the facts which we think should have induced

the jury to reach a different conclusion when they came to consider whether this was a rape or a mere act of sexual intercourse with the consent of the complaining witness.

The occurrence took place not to exceed sixty yards from her own house, and she made no outcry. There was an open door to the engine room where the act took place, and on the side next her dwelling-house. On the preliminary examination before indictment she stated that she made no outcry, because the steam was blowing off from the boiler, and an outcry would not be heard. At the trial she testified that she could not make an outcry, because the defendant held his hand over her mouth. She made no claim that she was injured by the act complained of. There were no marks or scratches or bruises on her person, and no injury to or hemorrhage from her private parts. After the occurrence she remained until she procured the hot water, carried it home, and went about her work as though nothing unusual had happened. All this appears from her own testimony. She claims that after the act the defendant told her he would give her a gold watch if she would not tell her parents. We doubt exceedingly whether a brutal outrage, such as she describes, could have been committed upon her without injury to her person or clothing, or without some evidence of the abuse being manifest at the time. There is no claim that there was any such evidence, which all men who have been engaged in trials of this kind know accompany and follow the criminal act.

II. The defendant's wife was a witness in his behalf. It appears that the defendant lived some distance from the air-shaft where he was

2. ——: character of prosecutrix: evidence.

engaged at work. Some time before the alleged rape was committed the prosecuting witness went with the defendant on a visit to his house, where she remained some three days. The

defendant sought to prove by his wife that the girl was immodest, and that she ordered her to go home, and that the girl refused to do so, and generally that her conduct and language were unbecoming a virtuous female. Much of this evidence was ruled out by the court. It is probable that most of the rulings of the court could be sustained on the ground that no proper foundation was laid for the evidence by a cross-examination of the complaining witness. But other parts were rejected which should have been received. Indeed, if what was proposed to be shown by the testimony of the wife was true, the prosecuting witness was wonderfully developed in the ways of wickedness for one of her age; so much so that she declared to the defendant's wife that "she was in the habit of going into the air-shaft and playing with him and using him whenever she pleased." In view of all these considerations, we think the defendant should have a new trial and an opportunity by a proper presentation of evidence to show, if he can, from the prior acts and conduct of the prosecuting witness, that her account of a rape committed upon her is not entitled to belief. REVERSED.