# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1893, IN THE SEVENTY-NINTH YEAR OF THE STATE.

———————◆———————

No. 16,895.

ADAMS *v.* THE STATE.

INSTRUCTIONS TO JURY.—*Exoneration of Juror from Oath.—Erroneous.
—Reversal.*—An instruction which has for its effect the exoneration of a juror from his oath is erroneous, and will work a reversal, unless harmless.

From the Miami Circuit Court.

*C. W. Watkins, E. T. Reasoner* and *J. C. Branyan,* for appellant.

*A. G. Smith,* Attorney-General, *F. D. Butler,* Prosecuting Attorney, and *W. A. Branyan,* for State.

COFFEY, J.—A prosecution was instituted against the appellant, by affidavit and information, in the Huntington Circuit Court. The information is in three counts, charging the appellant with being accessory to the crime of rape, accessory to an assault and battery with the intent to commit the crime of rape, etc.

The venue of the cause was changed from the Huntington Circuit Court to the Miami Circuit Court, where it was tried, resulting in the conviction of the appellant.

The appellant complains of the action of the circuit

(571)

court in overruling her motion to quash the affidavit and information against her, and in overruling her motion for a new trial.

No authority is cited in support of the first complaint, nor is any specific objection pointed out to any one of the three counts contained in the information. After carefully reading them, we are of opinion that the circuit court did not err in overruling the appellant's motion to quash the affidavit and information in this case.

A number of reasons for a new trial were assigned in the motion therefor, among which was that the court erred in its instructions to the jury. Among the other instructions given to the jury, by the court, upon the subject of reasonable doubt, was the following: "You are not at liberty to disbelieve as jurors if you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered."

This instruction, in the words here set forth, was given by the court to the jury in the case of *Siberry* v. *State*, 133 Ind. 677, 33 N. E. Rep. 681.

In commenting upon it, this court said: "In effect, it relieves the jury from the obligation of their oaths. * * * The oath is administered for a purpose. * * * It enjoins upon the juror the solemn obligation to carefully consider that he will 'well and truly try, and true deliverance make, between the State and prisoner,' and any instruction from the court, having for its purpose or its effect the exoneration of the juror from his oath, and permitting him to disregard it, is erroneous, and the paragraph from the instruction last quoted could have no other effect or purpose than to tell the jurors that they occupied no other or different relation than if they were not acting under oath. We do not think such an instruction should receive our approval."

As was said in the case of *Cross* v. *State*, 132 Ind. 65, we think it much better for the *nisi prius* courts to follow the approved precedents than to undertake the difficult task of formulating new definitions of what does, or does not, constitute a reasonable doubt. The difficulty attending the definition of the term "reasonable doubt," is so great that any new definition, not found in the adjudged cases, is very liable to be found erroneous in some particular. Such mistakes often result in the reversal of judgments where the accused has been condemned to merited punishment, while, in other cases, it may result in the conviction of the accused where he should have been acquitted.

In this case the evidence was conflicting, and we can not say, therefore, that this erroneous instruction did not harm the appellant.

Many other alleged errors are pointed out and discussed by counsel for the appellant, but they are of such a character as that they may not arise upon another trial of this cause. For this reason we decline to consider them.

For the error of the circuit court in giving the instruction above set out, the judgment must be reversed.

Judgment reversed, with directions to the circuit court to sustain the appellant's motion for a new trial, etc.

Filed Oct. 10, 1893; petition for a rehearing overruled Dec. 13, 1893.