STATE OF IOWA, Appellee, v. VINCENT BARTLETT, Appellant.

Assault with intent to rape: CORROBORATION. An assault with intent to rape may be established by the testimony of the prosecutrix; the corroborative evidence required by Code, section 5488, is for the purpose of connecting defendant with the crime. Corroborating evidence held sufficient to justify conviction.

Argument: MISCONDUCT. Where defendant's counsel sought to discredit a prosecutrix in a prosecution for attempted rape, by pointing out a more favorable opportunity for an assault than that complained of, and there was some evidence of a prior attempt, it was not misconduct for the state's attorney, in argument, to question whether the assault complained of was the only one of which defendant was guilty.

Impotency: INSTRUCTION. Impotency is not an excuse for an assault with intent to rape, although it may constitute a defense to a charge of the consummated crime, and failure to instruct in relation thereto, especially where not requested, is not error.

**Punishment.** A judgment of twenty years' imprisonment, although
4   the maximum period, is not excessive punishment for one con-
      victed of assault with intent to rape a daughter.

*Appeal from Winneshiek District Court.*— HON. L. E. FEL-
LOWS, Judge.

### TUESDAY, JULY 11, 1905.

THE defendant was indicted for an assault with intent
to commit rape. Upon trial he was convicted, and he ap-
peals.— *Affirmed.*

*E. P. Johnson* and *N. M. Berg,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De
Graff,* Assistant Attorney-General, for the State.

BISHOP, J.— The assault alleged is charged to have
been committed upon the person of Bertha Bartlett, a female
child under the age of fifteen years. It appears in evidence
that the prosecutrix is the daughter of the defendant. It is
her testimony that her mother was away from home at the
time; that she (prosecutrix) had taken her little brother and
sister, four and six years old, respectively, to bed with her,
in a downstairs room, and that her brother Walter, twelve
years of age, had gone to bed upon a couch in a dining room
adjoining; that the defendant, who slept in an upstairs
room, came down in the night, and the assault was then
committed upon her, while she was lying in bed with the
other children.

I. The statute (Code, section 5488) provides that the
defendant in a prosecution for an assault with intent to com-
mit rape cannot be convicted upon the testimony of the person
injured unless she be corroborated by other evi-
dence tending to connect the defendant with the
commission of the offense. Relying upon this statute, de-
fendant contends for a reversal, for that the record does not
disclose any sufficient corroboration of the testimony of the

*1. CORROBORA-
TION.*

prosecutrix. It will be observed that the statute goes no farther than to require corroborating evidence tending to connect the defendant with the commission of the crime. The fact that the crime charged has been committed by some one may be established by the testimony of the prosecutrix alone. *State v. McLaughlin;* 44 Iowa, 82; *State v. Cassidy,* 85 Iowa, 145. The State introduced as a witness the boy Walter Bartlett, and he testified that on the night in question he was awakened by his sister Bertha crying. He says there was a light downstairs; that upon looking through the doorway into the bedroom he saw his father, partially undressed, standing by the bed; that " he slapped Bertha, and told her that, if she ever gave him away, he would fix her so that she would not be able to give him away again." This evidence certainly tended to strengthen and corroborate the prosecutrix in connecting the defendant with the offense which she testified had been committed upon her. And if believable, the jury would be warranted in finding the same to be sufficient for the purposes of corroboration. Counsel for defendant do not seriously contend otherwise. But it is said that the jury was not authorized to give the evidence of the boy any weight, inasmuch as he had been successfully impeached. The effort at impeachment consisted of evidence on the part of several different witnesses for defendant to the effect that the boy had at other times and places denied having seen his father in the bedroom, and, further, that his mother made him speak in accusation of his father in substance as he now testified. The credibility of the boy was a question for the jury. Likewise the credibility of the witnesses brought on to impeach him. Even if the jury believed that the boy had made some statements out of court inconsistent with his present testimony, still they had the right to accept his sworn version of the affair as the truth. It appears that they did so, and in respect thereof they had the approval of the trial judge, and they have our ap-

proval. *Roberts v. Morrison,* 75 Iowa, 321; *Judge v. Jordan,* 81 Iowa, 519; *State v. Van Vliet,* 97 Iowa, 387.

II. The further contention is made that the evidence, taken as a whole, is insufficient to warrant a verdict of guilty. We have read the record with care; and we conclude that, when the jury had proceeded so far as to find the witnesses for the State worthy of belief, any other verdict than the one returned would have been a reproach upon the administration of justice in the State.

III. Misconduct on the part of the State's attorney in making his closing argument to the jury is complained of. Waiving the question as to whether the matter properly appears in the record, we are content to say that nothing occurred which would warrant interference with the judgment. At most, the attorney did no more than to prefer the question whether the assault as instantly complained of was the only one of the kind of which defendant was guilty. A witness for the State had testified that after defendant had been arrested he sought out an interview with his daughter, the prosecutrix; that in the course thereof she said to him, " I told you if you done that again I would tell it, even if you killed me." The question as preferred by the State's attorney was predicated upon such evidence, and a showing is made that this was in answer to the argument of counsel for the defendant, wherein, in substance, he sought to discredit the evidence of the prosecutrix by pointing out that more favorable opportunities to make an assault had been open to defendant, notwithstanding which none had been made.

2. ARGUMENT; misconduct.

IV. As a witness in his own behalf, defendant testified that for nearly a year before the alleged assault he had been unable, by reason of impotency, to engage in the sexual relation. It is now complained of that the court did not in any way refer to such subject-matter in the instructions to the jury. No request was made for an instruction, but, aside from this, we think none was

3. IMPOTENCY: instruction.

required to be given. While impotency may be a sufficient defense to an indictment for the consummated offense of rape, it will not excuse an assault with intent. 1 Wharton, Criminal Law (8th Ed.) section 552; 1 Bishop, Criminal Law, sections 737, 738.

V.   The judgment was that the defendant be imprisoned in the penitentiary for the term of twenty years, that being the maximum period authorized by the statute. The defendant complains of the sentence as excessive. We think otherwise. No fit characterization of the offense of which he was convicted can be made in words. No punishment short of the extreme could approach the adequate.

4. PUNISHMENT.

The record is without error. The judgment has our unqualified approval, and it is *affirmed*.