[No. 2122, March 12, 1918.]
STATE v. HILL.

SYLLABUS BY THE COURT.

Where the sense of an indictment is clear, nice or technical exceptions are not to be favorably regarded; therefore

verbal inaccuracies, or clerical errors which are explained and corrected by necessary intendment from other parts of the indictment are not fatal.

Appeal from District Court, Dona Ana County; Medler, Judge.

Fred Lehman Hill was convicted of embezzlement, and he appeals. Affirmed.

WADE & TAYLOR, of Las Cruces, for appellant. C. A. HATCH, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT.

ROBERTS, J. Appellant was convicted of the crime of embezzlement, and appeals. The first ground relied upon for a reversal is that the court erred in not sustaining his motion in arrest of judgment. This motion challenged the sufficiency of the indictment. The indictment was drawn under section 1544, Code 1915, which makes it larceny for any officer, agent, clerk, or servant of any incorporated company, etc., except apprentices and other persons under the age of 16 years, to embezzle or fraudulently convert to his own use any money or property of another which shall have come into his possession or shall be under his care by virtue of such employment. The point made against the indictment is that it does not charge that the property embezzled came into the possession of appellant by virtue of his employment. The language in this respect is as follows:

"Did then and there by virtue of his said employment as such clerk * * *, have in his possession and under his care, custody, and control of the property and moneys of."

The alleged defect is occasioned by the use of the word "of" before the words "the property," but this does not destroy the sense of the indictment, and does not

render it defective. Where the sense of an indictment is clear, nice or technical exceptions are not to be favorably regarded; therefore verbal inaccuracies, or clerical errors which are explained and corrected by necessary intendment from other parts of the indictment, are not fatal. 22 Cyc. 291. The indictment here, read as a whole, clearly shows that the appellant was charged to have had the property in question under his care, custody, and control.

Another objection to the indictment is that the pleader used the words "by reason of" his said employment, instead of "by virtue of." What has been said disposes of this objection.

The remaining points upon which appellant relied for a reversal all go to the question of the sufficiency of the evidence to sustain the verdict. We have read the transcript, and have considered all the objections stated, and find that there is no merit in any of them.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.