## STATE v. BALLAMAH

[No. 2648.   Sept. 29, 1922.]

### SYLLABUS BY THE COURT

(1)   Where two dates appear in an indictment, one of which is impossible and apparently a clerical error, the indictment will not be held bad.                                    P. 213

(2)   Impotency is not a complete defense to a charge of assault with intent to rape a female under the age of consent, but evidence thereof is relevant to the intent with which the assault is made and is therefor admissible.   P. 213

(3)   Section 1485, Code 1915, prescribes the punishment for assault with intent to rape a child under the age of consent.                                                       P. 216

Appeal from District Court, Bernalillo County; Hickey, Judge.

N. Bellamah was convicted of assault upon a female under the age of 10 years, with intent to rape, and he appeals. Reversed, and new trial granted.

Rodey & Rodey, of Albuquerque, and O. O. Askren, of East Las Vegas, for appellant.

Harry S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

PARKER, J.  The appellant was convicted of assault upon a female under the age of 10 years, with intent to rape her, and, from the sentence imposed upon him therefor, has perfected this appeal.

[1]  The indictment recited that it was returned by the grand jurors selected, impaneled, and sworn at the March term, 1920, and charged the crime as having been committed on August 25, 1920, some four months after the jury could have investigated it.  The indictment was filed in open court, as it shows by endorsements upon it, on March 24, 1921, and the appellant contends that it is fatally defective for the reason that the grand jury of the 1920 March term had become extinct in March, 1921, because of the lapse of terms.

It is apparent that the indictment contains a clerical error.  Where two dates appear in an indictment, one of which is impossible and apparently a clerical error, the indictment will not be held bad.  14 R. C. L. 180. We have heretofore adopted a similar rule in these cases holding that clerical errors which are explained or corrected by necessary intendment from other parts of the indictment are not fatal.  Territory v. Montoya, 17 N. M. 122, 128, 125 Pac. 622; State v. Hill, 24 N.M. 344, 171 Pac. 790.

[2]  Appellant contends that impotency is a good defense to the charge of assault with intent to rape and that the court erred in refusing to permit him to show that fact.  Objection was sustained to a question addressed to appellant's wife to ascertain how long it has

been since they had engaged in the sexual relation. Counsel for appellant advised the court that the evidence was to prove intent, and that the court could by instruction limit it to that extent. Counsel for appellant then offered to prove by the witness that for 6½ years the appellant had been impotent and without sexual desire of any kind.

Whether impotency is or is not a complete defense to a charge of assault with intent to rape is a queston respecting which there is little authority and much uncertainty.

In Foster v. Commonwealth, 96 Va. 306, 31 S. E. 503, 42 L. R. A. 589, 70 Am. St. Rep. 846, where the court was considering a case of rape or attempted rape by a boy under 14, the court said he could not be held guilty off an attempt to committ an offense which "he was physically impotent to perpetrate."

In State v. Bartlett, 127 Iowa, 689, 104 N. W. ·285, the defendant was convicted of an assault with intent to rape, and the court said:

"While impotency may be a sufficient defense to an indictment for the consummated offense of rape, it will not excuse an assault with intent"—citing Wharton and Bishop.

The question there arose because of appellant's contention that the court should have instructed the jury without request that if they found defendant to be impotent he should be acquitted.

In Territory v. Keyes, 5 Dak. 244, 38 N. W. 440, it was held that upon a charge of assault with intent to rape impotency was a defense only when it was shown that the defendant knew he was impotent. The statute there declared that the essential guilt of rape consisted in the outrage of the person and feelings of the female, and the court declared that the feelings of the female may be as well outraged by an impotent man as by one not impotent.

In Nugent v. State, 18 Ala. 521, it was held that the greatly debilitated condition of defendant was a cir-

cumstance to be considered by the jury in ascertaining his physical capacity to commit the offense.

In State v. Swails, 8 Ind. 524, 63 Am. Dec. 772, it was said that an act done with felonious intent constitutes no felony unless coupled with present ability and means to execute it. It was there held that the charge of assault with intent to murder could not be predicated upon the firing of a gun at a person distant 40 feet, where the gun was loaded only with powder and a cotton wad.

In People v. Coston, 187 Mich. 538, 153 N. W. 831, upon an information charging rape, the defendant was convicted of assult with intent to rape. The prosecuting witness was a 14 year old girl. Defendant was 75 years old and suffered from a lame back and hernias. Defendant tendered expert testimony to show that he could not have committed the act. The court said that expert testimony on the subject was proper and that the fullest latitude should be given in the examination of the defendant touching his capacity to perform the act.

In Com. v. Green, 2 Pick. (Mass.) 380, wherein defendant was under 14 years of age, the court said that "an intention to do an act does not necessarily imply an ability to do it, as a man who is emasculated may use force with intent to ravish, though possibly * * * he could not be convicted of a rape" because incapable of emission.

In Hunt v. State, 114 Ark. 239, 169 S. W. 773, L. R. A. 1915B, 131, Ann. Cas. 1916D, 533, impotency was held to be no defense to a charge of assault with intent to rape. In that case, as in most of such cases, evidence of defendant's physical condition was received, his testimony tending to show that on account of his "extreme age and failing powers" he had lost all desire for sexual intercourse and was physically unable to consumate the act. The effect of the holding was that, even though it were true that defendant's physical condition was as he had stated it, still he might legally be convicted of the attempt.

Practically all of the foregoing cases will be found in the note to the last case reported in Ann. Cas. 1916D, 533. From those cases it may be stated as a rule that impotency or lack of physical powers of the defendant may be shown but not as a complete defense to a charge of assault with intent to rape.

Any evidence relative to the question of intent with which an act is done is admissible. 8 R. C. L. p. 182. It devolved upon the state to prove that the assault by appellant was with intent to rape. Evidence of appellant's physical condition was relevant to such intent, and the court erred in rejecting the proffered testimony and sustaining the objection to the question referred to.

[3] It is contended that the sentence is excessive, but section 1485, Code 1915, which creates the offense, governs the punishment, and not section 1480, Code 1915.

It is also contended that an instruction in simple assault should have been given, and that the defendant having offered proof of his insanity, the state was obliged to meet that evidence and could not thereafter stand upon the presumption of sanity.

These propositions are without merit as they arise in this case and need not be discussed. For the reasons stated, the judgment will be reversed, and a new trial granted, and it is so ordered.

RAYNOLDS, C. J., concurs.