STATE OF IOWA, Appellee, v. O. C. JAMES, Appellant.

CRIMINAL LAW: New Trial—Misconduct of Jury—Conflicting Show-
1 ing. The discretion of the court in denying a new trial in a criminal case on a conflicting showing of misconduct of the jury will not ordinarily be disturbed on appeal.

RAPE: Included Offenses—Corroboration. The court must, in the sub-
2 mission of the offense of (1) rape, and (2) assault with intent to

rape, specifically instruct that corroboration·of the prosecutrix is necessary as to *both* offenses.

**CRIMINAL LAW:** Accessories—Instructions as to Aiding and Abet-
3  ting.  Correct instructions as to aiding and abetting are not ren-
dered erroneous because of the lack of amplification.

**CRIMINAL LAW:** Reasonable Doubt—Unallowable Standard.  Re-
4  versible error results from instructing the jury that ''that which
you believe as men, you should believe as jurors.''

**CRIMINAL LAW:** Accessories—Insufficient ''Aiding and Abetting.''
5  Criminal participation in an offense is essential to constitute one an
''aider and abettor.''  Mere presence of the accused in the imme-
diate' vicinity where a crime is being committed is manifestly not
sufficient.

*Appeal·from Mahaska District Court.*—D. W. HAMILTON,. Judge.

NOVEMBER 11, 1924.

THE defendant was indicted for the crime of rape, and was convicted of assault with intent to commit rape, and appeals.— *Reversed.*

·*Devitt & Eichhorn* and *L. D. Teter,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Roscoe J. Woodard,* County Attorney, for appellee.

FAVILLE, J.—The prosecuting witness is a girl fourteen years of age, by the name of Martin.  The evidence in behalf of the State shows that appellant and a man named Voss were in the city of Oskaloosa on June 29, 1922.  It appears that, in the evening, they took two girls riding for a time, in the city of Oskaloosa.  In the course of time, the prosecuting witness was in the car in the front seat with Voss, and they drove to the home of a girl by the name of Werner, and she was asked by the prosecuting witness to go with the party for a ride.  It appears that neither appellant nor Voss was previously acquainted with either of the girls.  When they left the Werner place, Voss

and the prosecuting witness were in the front seat, and appellant and the Werner girl in the back seat. They drove out of town some distance, and stopped the car. The evidence shows that Voss tried to get the prosecuting witness out of the car, and finally picked her up and used force in removing her from the car. The claim of the Martin girl is that Voss took her to a place by the side of the road in the rear of the car, and forcibly had sexual intercourse with her. During all of this time, appellant was in the back seat of the car with the Werner girl, and the evidence tends to show that, while Voss and the prosecuting witness were away from the car some little distance, the prosecuting witness screamed to the Werner girl, and called to her to come and help her. The Werner girl testified that, after she heard the call from the Martin girl, she tried to get out of the car, and said that at that time appellant "was trying to have intercourse with me, and said for me to stay still." The evidence also shows that the prosecuting witness got back in the car with Voss, and the parties returned to town, and the prosecuting witness remained that night at the home of the Werner girl.

The foregoing is the substance of the testimony as offered by the State, upon which the verdict of assault with intent to commit rape upon the Martin girl was returned. The theory of the State is that appellant is guilty as the aider and abettor of Voss in an assault with intent to commit rape upon the prosecuting witness.

I. Appellant sought a new trial on the ground of misconduct of the jury. In support of a claim of misconduct, appellant offered the affidavits of three of the jurors, who averred to the effect that, during the deliberations of the jury, the foreman of the jury stated that he personally knew that appellant had been in trouble of a similar nature before, with another girl. The evidence of said jurors also tends to show that they would not have voted for a verdict of guilty, had it not been for the statement made by the foreman of the jury, that appellant had been in similar trouble before. Eight jurors gave affidavits that they did not hear the foreman make the statement that he personally

1. CRIMINAL LAW: new trial: misconduct of jury: conflicting showing.

knew that appellant had been in trouble of a similar nature before, with another girl. The foreman made no affidavit, and was not examined as a witness in regard to said matter.

The question of misconduct of a juror in making statements of the kind alleged to have been made in this case has been before this court many times. ·Some significance· is to be attached to the fact that the foreman of the jury, who it is alleged made the improper statement, did not deny the same, either by an affidavit or by evidence in resistance to the motion for a new trial. The jurors whose affidavits were filed in resistance to the motion for new trial stated that they did not hear the statement claimed to have been made by the foreman in the jury room; while the three affiants whose affidavits were furnished in support of the motion for a new trial state positively that such a statement was made to said jurors.

The matter of the granting of a new trial on the ground of the alleged misconduct of the jury rested largely within the discretion of the trial court. The evidence as shown by the affidavits in regard .to what took place was in conflict, and we are constrained to hold that there was no such abuse of the discretion vested in the trial court in matters of this kind as to justify interference on our part. The rule is thoroughly well established that, in a criminal case, the party should only be tried upon the evidence that is received in open court, and not upon statements made by a juror as of his own knowledge, to his fellow jurors, in respect to matters not testified to upon the trial; but we think there is a failure here to show such abuse of the discretion as would justify us in interfering.

II. The court instructed the jury that, before appellant could be convicted of rape, the testimony of the injured party must be corroborated by other evidence than her own testimony. The court correctly and fully instructed the jury as to what would constitute corroboration. The court also submitted to the jury the included offenses of assault with intent to commit rape, and assault and battery. But the court at no place gave the jury any. instruction whatever that corroboration is necessary before there can be a conviction of assault with intent to commit rape. This is

2. RAPE: included offenses: corroboration.

required under our statute, Section 5488, Code of 1897. Where the court submitted to the jury the included offense of assault with intent to commit rape, it was incumbent upon the court to instruct the jury that, before there could be a conviction of such offense, there must be corroboration of the prosecuting witness. It was error to fail to so instruct, and for this reason alone a reversal must be had. *State v. Carnagy,* 106 Iowa 483; *State v. Hetland,* 141 Iowa 524; *State v. John,* 188 Iowa 494.

III. Complaint is made of the refusal of the court to give requested instructions on the question of aiding and abetting. The trial court might properly have amplified the instructions as given on this subject, but those as given were not erroneous. The instructions substantially meet the requirements of the rules respecting said subject, as announced by us in *State v.*

3. CRIMINAL LAW: accessories: instructions as to aiding and abetting.

*Dunn,* 116 Iowa 219; *State v. Davis,* 191 Iowa 720; *State v. Johnson,* 198 Iowa 588.

IV. In the instruction on reasonable doubt, the court said, among other things: "That which you believe as men, you should believe as jurors."

This instruction cannot be sustained. Men may "believe" many things "as men" which they could not act upon under their oaths as jurors in a criminal case. Instructions in substantially this form have been repeatedly condemned. Such an instruction in effect relieves the jury from the obligation of their oaths. It

4. CRIMINAL LAW: reasonable doubt: unallowable standard.

is erroneous. *Robinson v. State,* 18 Wyo. 216 (106 Pac. 24); *Adams v. State,* 135 Ind. 571 (34 N. E. 956); *People v. Johnson,* 140 N. Y. 350 (35 N. E. 604); *Siberry v. State,* 133 Ind. 677 (33 N. E. 681); *Nelson v. State,* 5 Okla. Cr. 368 (114 Pac. 1124).

V. Complaint is made of the refusal to give requested Instruction No. 6, relating to the good character of appellant. The court did not err in refusing to give this instruction. The subject-matter was fully covered by Instruction No. 21, given by the court, which was in accordance with the rule repeatedly recognized by this court. See *State v. Bosworth,* 170 Iowa 329; *State v. Shultz,* 177 Iowa 321.

VI.   Complaint is made of Instruction No. 11, in which the court told the jury that they should take into consideration all of the evidence introduced upon the trial of the case, and in which the court then attempted to apply the facts of the case to the rules of law governing aiding and abetting.

We do not find a reversible error in this instruction.   All that the court did was to tell the jury that they were to consider all of the evidence offered in the case, and that, if they found from the evidence that certain facts were established beyond a reasonable doubt, then such facts so found would establish the guilt of appellant.   There was no reversible error at this point.

VII.   Appellant strenuously urges that the evidence in the case is wholly insufficient to support a verdict of guilty, and that the court should have directed a verdict in behalf of appel-

5. CRIMINAL LAW: accessories; insufficient "aiding and abetting."
lant.   We are strongly disposed to acquiesce in the contention of appellant in regard to the insufficiency of the evidence to support a verdict of guilty of assault with intent to commit rape upon the Martin girl.   While there is a claim on the part of the girls to the effect that the Martin girl called to the Werner girl at the time when she was by the side of the road with Voss, the evidence of the Werner girl is to the effect that, at the time when it is claimed by the State she desired to go to the assistance of the Martin girl, the thing that prevented her from so doing was the fact that at that moment she was engaged in the act of sexual intercourse with appellant, in the back seat of the automobile.   The Werner girl is nineteen years of age, and, it appears, is a well grown person.   To hold that appellant was guilty of aiding and abetting Voss in the crime of rape upon the Martin girl, under such circumstances, assuming them to be true, as stated, is predicating a conviction of one as an aider and abettor, upon an offense in which it does not appear that he criminally participated.   The gross moral delinquency of appellant and his gravely reprehensible conduct are not justification for a conviction of a crime of which he is not guilty, under the law.   It is possible that, upon a retrial of the case, a different state of facts may be disclosed by the State; but, upon the record as

made upon this trial, we are constrained to hold that the court should have sustained appellant's motion for a directed verdict in his behalf. As bearing somewhat on the questions, see *State v. Sells,* 145 Iowa 675; *State v. Wise,* 83 Iowa 596; *State v. Sullivan,* 156 Iowa 603; *State v. Saling,* 177 Iowa 552; *State v. Carson,* 185 Iowa 568; *State v. Thomas,* 193 Iowa 1004.

Other errors urged by appellant are without merit, or require no further consideration at our hands.

For the reasons pointed out, the judgment of the district court must be, and it is,—*Reversed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.