J. E. HUNTER V. THE STATE.

No. 19164.   Delivered November 24, 1937.
State's Rehearing Denied December 22, 1937.

The opinion states the case.

*Jno. S. Scoggins,* of Galveston, for appellant.

*Charles H. Theobald,* County Attorney, of Galveston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to commit rape, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The only question presented for review is the court's action in declining to submit to the jury an instruction on the law of aggravated assault. In order to determine this question and to make clear the reason for our conclusion in this case, we deem it proper to state the salient facts proved upon the trial.

The record shows that the alleged offense occurred in an outdoor toilet situated near a Catholic Church in League City, in Galveston County. The prosecutrix, a girl approximately ten years of age, was playing with a girl friend near the toilet when appellant came along on his way home from town. Prosecutrix said that appellant requested them to come into the toilet; that immediately after they had entered the same, appellant pulled down his pants, asked her to lay on the floor and pull up her dress; that he then got on top of her, but failed to penetrate her as he was apparently incapacitated. Appellant denied that he made any kind of character of an assault upon prosecutrix. He said that on the occasion in question, he was on his way home from town with some groceries; that he went into the toilet in response to a call of nature; that he did not see the little girls until after he had entered and taken a seat; that prosecutrix pulled his legs together and sat on his lap; that he immediately arose and left. He said that he was seventy-one years of age; that he was impotent and had been for several years.

Do the facts stated raise the issue of an aggravated assault?

If so, then appellant was entitled to an instruction thereon. While impotency due to failing powers from old age is no defense to a charge of an assault with intent to commit rape, nevertheless it is admissible on the question of intent. See Vol. 52, Corpus Juris, p. 1075, Sec. 101; Heilman v. Commonwealth, 84 Ky., 457; State v. Ballamah, 210 Pac., 391; People v. Bradbury, 91 Pacific, 497.

If appellant knew of his physical inability to cohabit, then the question arises: What was his intention? What did he have in his mind to do? That which he knew he was physically incapable of doing, or that which he might accomplish, to-wit: That of fondling her person? Consequently, if appellant knew of his impotency and his physical inability to cohabit, it would tend to rebut the inference of intent to commit rape, arising from the facts testified to by prosecutrix. Therefore, it follows that if the jury believed from all of the evidence before them that appellant did everything which prosecutrix said he did, they may have concluded that he merely intended to fondle her person, or may have entertained a reasonable doubt of his intent to commit rape. If so, they would be required to give him the benefit thereof. In such an event, what should their verdict have been? Of what offense would he have been guilty, if any? Clearly of indecent familiarity with her person, which would constitute an aggravated assault. Hence, appellant was entitled to an instruction thereon, and to have the law properly applied to the facts.

For the error discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have again carefully reviewed the record in the light of the State's motion for a rehearing, together with the authorities cited therein, but remain of the opinion that the case was correctly disposed of on the original submission.

The motion for rehearing is therefore overruled.

*Overruled.*