STATE OF IOWA, Appellee, v. FRED ERVIN, Appellant.

No. 44131.

NOVEMBER 15, 1938.

OPINION ON REHEARING OCTOBER 17, 1939.

Fred D. Everett, Attorney General, Jens Grothe, Assistant

Attorney General, R. N. Johnson, Jr., County Attorney, and John F. Burrows, Jr., Deputy County Attorney, for appellee.

Hollingsworth & Hollingsworth, for appellant.

RICHARDS, J.—Defendant's petition for rehearing having been granted and the cause resubmitted, our prior opinion of November 15, 1938, published in 282 N. W. 294, is withdrawn.

By indictment defendant was accused of the offense of carnally knowing and abusing a female child under the age of 16 years. There was a plea of not guilty, a trial, a verdict finding defendant guilty of assault with intent to commit rape, and a judgment that defendant serve a term of 15 years in the penitentiary at Fort Madison. Therefrom defendant perfected an appeal.

Defendant's first assignment of error has to do with the instructions. In the opening paragraph of the charge to the jury the trial court stated that by the indictment defendant was charged with the crime of rape. The fourth instruction stated that defendant could not be convicted of the crime charged in the indictment upon the testimony of the prosecuting witness unless she be corroborated by other evidence tending to connect defendant with the commission of the offense. At no place in the instructions was the jury charged that defendant could not be convicted of the crime of assault with intent to commit rape upon the testimony of the prosecuting witness unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense. An instruction to that effect was requested by defendant but refused. Obviously the refusal and failure to instruct respecting the necessity of corroboration before there could be a conviction for the crime of assault with intent to commit rape was erroneous. Section 13900, Code 1935; State v. James, 198 Iowa 976, 200 N. W. 577; State v. Carnagy, 106 Iowa 483, 76 N. W. 805.

The state contends however that the jury was instructed, inferentially, that corroboration was necessary before defendant could be convicted of assault with intent to commit rape. The theory offered by the State is this: That in instruction 9 the jury was charged that in the crime of rape there are included the lesser offenses of assault with intent to commit rape, assault

and battery, and assault; that such instruction was tantamount to saying that there were four crimes charged in the indictment; that therefrom the conclusion is that the court's statements (1) that the crime charged in the indictment was rape and (2) that of the crime charged in the indictment defendant could not be convicted without the statutory corroboration, amounted to saying that corroboration was required before there could be a conviction of any one of the four offenses, i. e., assault with intent to commit rape, assault and battery, assault, as well as rape. The difficulty is that we are dealing with an instruction given for guidance of a jury of laymen. We are loath to hold that an ordinary jury would have followed or even discovered the alleged inferential intendment in these instructions that the State suggests. It would be surprising if the court itself, that gave the instructions, was conscious of conveying any such inferential information to the jury. Being unable to agree that there was inferentially or specifically an instruction as requested by defendant, our conclusion that error resulted is as already stated. State v. James, 198 Iowa 976, 200 N. W. 577. Referring briefly to the last cited case, the court instructed respecting the necessity of corroboration before there could be a conviction of rape and submitted to the jury the included offenses of assault and battery and assault with intent to commit rape. No instruction was given that corroboration was necessary before there could be a conviction of assault with intent to commit rape. The opinion holds that the giving of such an instruction is required by what is now section 13900, Code 1935. The following also is from the opinion:

"Where the court submitted to the jury the included offense of assault with intent to commit rape, it was incumbent upon the court to instruct the jury that, before there could be a conviction of such offense, there must be corroboration of the prosecuting witness. It was error to fail to so instruct, and for this reason alone a reversal must be had."

The state further contends that if there was error it was not prejudicial for the reason there was corroborative testimony connecting defendant with the commission of the offense of assault with intent to commit rape, and that this evidence was

so strongly corroborative that "It was a useless gesture even to mention statutory corroboration in these instructions." The fallacy is in the State's assumption that it was within the trial court's functions to pass upon the weight and determine the sufficiency of the corroborating evidence, except to determine whether there was sufficient evidence to warrant its submission to the jury. State v. Carnagy, 106 Iowa 483, 490, 76 N. W. 805, 807. In the Carnagy case defendant was accused of rape and was convicted of assault with intent to commit rape. No instruction was given upon the necessity of corroboration. Defendant's exception to this omission was met by the state's assertion that there was in fact corroborative evidence and that the omission to instruct, in absence of a request, was no error. The opinion, however, after referring to what is now section 13900 states:

"Undoubtedly, the court must determine whether there is any such evidence, but the jury is to pass upon its weight and sufficiency. State v. McLaughlin, 44 Iowa 82; State v. Bell, 49 Iowa 440. * * * Corroboration is one of the essentials of conviction, without which the accused is entitled to an acquittal. We have held it to be the duty of the court to instruct the jury on the material questions of law involved in the case, whether requested or not. [Citing authorities.] The defendant was on trial for the commission of one of the gravest offenses known to the law, involving his liberty for life or a term of years; and we think the law relating thereto, and the issues, should have been fully stated to the jurors, for their guidance in the performance of their responsible duties."

No decisions of this court have been cited nor have we found any that modify the holding in State v. Carnagy, supra, or that would sustain a holding that the trial court may usurp the function of the jury in respect to the final passing on the weight and the determining of the sufficiency of the evidence of corroboration. One of the essentials of a conviction by a jury is the corroboration. Guided by proper instructions the jury should have been directed to determine the sufficiency of the corroboration, assuming of course that the evidence on that question was sufficient to warrant the submission of the ques-

tion. Because there was the error pointed out, the judgment of conviction is reversed.—Reversed.

OLIVER, C. J., and MILLER, BLISS, SAGER, HALE, and MITCHELL, JJ., concur.

HAMILTON and STIGER, JJ., dissent.