# CHARLESTON.

### STATE *v.* CLEVE ISON

### (No. 5987)

Submitted September 20, 1927.    Decided September 27, 1927.

1.  CRIMINAL LAW—*Instruction Giving Undue Prominence to Certain Facts to Exclusion of Equally Important Facts is Improper.*

    An instruction which singles out and gives undue prominence to certain facts in evidence to the exclusion of other facts equally important and as decisive of the issues involved, is improper. (p. 220.)

    (Criminal Law, 16 C. J. § 2479.)

2.  SAME—*Verdict Not Supported by Evidence Should be Set Aside, and New Trial Granted on Motion.*

    A verdict not supported by evidence should be set aside, and a new trial granted, on motion. (p. 221.)

    (Criminal Law, 16 C. J. § 2707.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

Cleve Ison was convicted of aiding and abetting in operating a moonshine still, and he brings error.

*Reversed; new trial awarded.*

*R. Shirley Taylor,* for plaintiff in error.

MILLER, JUDGE:

The defendant was tried on an indictment in two counts. The first charged him with unlawfully and feloniously owning, operating, maintaining, possessing and having an interest in a moonshine still; the second with aiding and abetting in the operation and maintenance of a moonshine still. The verdict of the jury was that defendant was not guilty of any of the unlawful acts charged in the first count, but was "guilty of aiding and abetting in the operation of a moonshine still as charged in the second count of the within indictment."

Defendant lived upon a small tract of about six acres of land, which he owned. Four state officers, in the nighttime, entered upon his premises with a search warrant, and found in his home a small quantity of moonshine liquor, and, as testified to by one of the officers, "just outside the door set some kind of a vessel on the ground that had cooked corn in it, and up by the chicken pen was a keg that had corn in it that wasn't cooked and water on it." In the opinion of one of the officers the corn found near the door, "had been cooked, evidently from the smell of it, it had been soured before it was cooked, in my judgment." In the chicken yard, covered with leaves, were two five gallon kegs filled with moonshine liquor. On the property of another, who was a witness on the trial, a short distance from a barbed wire fence separating his land from defendant's lot, by the side of a fallen tree, partly covered with leaves, two of the officers found two boilers, lids for the same, and copper coils, which the officers claimed would have made up two complete stills when properly fitted together. Some of the parts were in a coffee sack. There is no evidence when, where, or by whom the stills had been used.

Defendant testified that he had the corn there to feed his hogs and chickens. Other witnesses, living in the vicinity, corroborated him in this,—had seen the hogs and chickens fed from these vessels. There was no evidence, other than the facts above mentioned, to connect defendant with the manufacture of moonshine liquor.

By their verdict the jury found that the defendant at the time of the alleged offense did not own or have an interest in a still, and that he was not guilty of operating or maintaining one. On what evidence then did they find that he aided and abetted some one else? The presence of the cracked corn, claimed to be mash, would not support that charge. Other than the actual presence of the parts of stills, there was no evidence of the operation of a still in the vicinity. And the possession of the moonshine liquor by defendant did not support a charge of aiding and abetting in the operation of the still on which it was made. One who purchases liquor which is sold in violation of law is not guilty of aiding and abetting in the offense of unlawful selling. Black on Intoxicating Liquors, Sec. 381; *State* v. *Miller*, 26 W. Va. 106. If defendant had purchased the liquor from the manufacturer, or had it in his possession for the purpose of distributing or selling it for the distiller, or for any other person, that fact would not be evidence of the statutory offense of *aiding or abetting* in the operation of a moonshine still. The jury found, inferentially, that he did not manufacture the liquor found on his premises. What evidence is there then to connect him with the manufacture of it in any way? If, as the jury found, defendant did not own the still, have it in his possession, or any interest in it, and had not operated the same, to sustain the charge laid in the second count of the indictment, it would be necessary to prove that some other person had operated a still, and that defendant aided him in the operation. This the state failed to do.

The defendant complains of the refusal of the trial court to give to the jury the following instructions: ·

> "6. The court instructs the jury that 'circumstances of suspicion', however strong and grave, are not sufficient to justify a verdict of guilty of the offense charged. .

> "7. The court instructs the jury that if they believe from the evidence in this case that the stills in question in this case were not found on the property owned or controlled by the defendant, Cleve Ison, then there is no *prima facie* presumption of his guilt.

"8. The court instructs the jury that even
though they believe from the evidence in this case
that the defendant Cleve Ison, did own and possess
moonshine liquor or mash, or both, that while such
ownership is a suspicious circumstance, it is not
of itself sufficient proof upon which to find a ver-
dict of guilty."

While the framer of instruction number six evidently had
in mind the rule laid down in *State* v. *Hunter,* 103 W. Va.
377, and the cases there cited, that "mere suspicion of guilt
arising from evidence which does not prove the actual com-
mission of the crime charged, is not sufficient to sustain a
conviction," we do not think the language used states the
rule with sufficient accuracy, and that it was not error to
refuse this instruction.

Instruction number seven is clearly erroneous. It is based
upon but one fact in evidence, proved and admitted. The
location of the still was not determinative of defendant's
guilt. It might have been located on the property of another,
and yet a *prima facie* case proved against defendant.

Both this instruction and number eight are subject to the
criticism, many times emphasized by this Court, that each
of them singles out facts in the evidence to the exclusion of
other facts equally important and as decisive of the issues
to be determined by the jury. *State* v. *Dodds,* 54 W. Va. 289;
*State* v. *Grove,* 61 W. Va. 667; *State* v. *Vest,* 98 W. Va. 138.

State's instruction number six, given, is complained of.
It reads: "The court instructs the jury that while the de-
fendant is entitled to testify in his own behalf, yet, in con-
sidering his testimony, they may take into consideration the
interest of the defendant in the result of the trial, the fact
that he is the defendant, and all the facts and circumstances
surrounding his testimony and shall give to his evidence and
all other evidence in the case such weight as they shall deem
it entitled." A somewhat similar instruction was condemned
in *State* v. *Vest, supra;* but in *State* v. *Ringer,* 84 W. Va. 546,
it is said. "The giving of this instruction always imposes
upon us the burden of determining in the particular case
whether the party resisting it has been prejudiced thereby, not

always an easy deduction, and one which the court ought not to be called upon to determine. In this case we have concluded that the judgment must be reversed upon another ground, and we are relieved thereby from determining whether the instruction was prejudicial." It was probably not prejudicial in this case, where the verdict of the jury was not supported by the State's evidence. "A trial court should be careful in giving instructions or in any other way indicating to the jury its view of the weight of the evidence. It has been held that it is erroneous to charge the jury that the testimony of a witness interested or prejudiced should be scanned with care or be received with great caution or distrust." *State* v. *Vest, supra.*

Because of the failure of the trial court to set aside the verdict of the jury, which there was no evidence to support, the judgment will be reversed, the verdict set aside, and the defendant awarded a new trial.

*Reversed; new trial awarded.*