# CHARLESTON.

STATE *v.* HASKELL SCHILANSKY

(No. 6117)

Submitted April 18, 1928.   Decided May 8, 1928.

1. INDICTMENT AND INFORMATION—*Indictment in Statute's Words for Forcible Rape Held Sufficient to Charge Common-Law Rape (Code, c. 144, § 15).*

    An indictment framed in the words of the statute, section 15 of chapter 144 of the Code, which alleges that the defendant, at the time and place named, "with force and arms, in and upon one Mattie Lantz, a female child under the age of sixteen years, to-wit, the age of thirteen years, feloniously did make an assault; and her, the said Mattie Lantz then and there, to-wit, on the day and year aforesaid, unlawfully and feloniously did carnally know and abuse," is sufficient to charge the common-law offense of rape.   (p. 549.)

    (Indictments and Informations, 31 C. J. § 268.)

2. SAME—*Generally Indictment May Follow Statute, Declaratory of Common Law, or be in Common-law Form.*

    Where. a statute is merely declaratory of the common law in respect to a crime, generally the indictment may follow the words of the statute or be in the common-law form.   (p. 551.)

    (Indictments and Informations, 31 C. J. § 263.)

3. RAPE—*Indictment for Common-law Rape Need Not Allege Prosecutrix Was Not Accused's Wife, Where Such May Reasonably be Inferred, Although Statute Contains Words "Not His Wife"; in Prosecution for Rape, That Prosecutrix is Not Defendant's Wife. is Generally Matter of Defense (Code, c. 144, § 15).*

    In an indictment for the common-law offense of rape it is not necessary to allege that the prosecutrix was not the wife of the accused, where it may reasonably be inferred that no marital relation existed, although the statute contains the words "not his wife," that relationship generally being a matter of defense.   (p. 551.)

    (Rape, 33 Cyc. p. 1440.)

4. CRIMINAL LAW—RAPE—*Instruction That Jury May Find Defendant Guilty as Charged in Indictment for Rape on Uncorroborated Testimony of Prosecuting Witness, Naming Her, Held Abstract and Incomplete.*

    An instruction in a rape case which simply tells the jury "that they may find the defendant guilty as charged in the

indictment on the uncorroborated testimony of the prosecuting witness alone," (naming her), is too abstract and incomplete in form.   (p. 551.)

(Criminal Law, 16 C. J. § 2482; Rape, 33 Cyc. p. 1502.)

5.   SAME—*Instruction That Jury May Disbelieve All Witness' Testimony, if They Think He Knowingly Testified Falsely to One Material Fact, Without Instructing to Give Testimony or Any Part Weight to Which Entitled, is Erroneous.*

An instruction is erroneous which tells the jury that they are at liberty to disbelieve all the testimony of a witness if they believe he has knowingly testified falsely to one material ·fact in issue, without also telling them that they may give his testimony or any part thereof such weight as in their opinion it may be entitled to.   (p. 552.)

(Criminal Law. 16 C. J. § 2442.)

6.   SAME—*Instruction Giving Undue . Prominence to Certain Fact, and Ignoring Other Facts Equally Important, Except by General Reference, Should Not be Given.*

An instruction to the jury which specifically singles out and gives undue prominence to a certain fact in evidence and ignores other facts equally important and as decisive of the issue involved, except by general reference to "all other facts and circumstances introduced in evidence in the case," is improper and should not be given.   (p. 552.)

(Criminal Law, 16 C. J. § 2479.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Tucker County.

Haskell Schilansky was convicted of rape, and he brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

J. W. Harman, for plaintiff in error.

Howard B. Lee, Attorney General, and W. Elliot Nefflen, Assistant Attorney General, for the State.

MILLER, PRESIDENT:

The defendant was tried and found guilty on an indictment charging that he "with force and arms, in and upon one Mattie Lantz, a female child under the age of sixteen years, to-wit, the age of thirteen years, feloniously did make an

assault; and her, the said Mattie Lantz, then and there, to-wit, on the day and year aforesaid, unlawfully and feloniously did carnally know and abuse." There was no demurrer to, or motion to quash the indictment. The defendant assigns error in the action of the trial court in overruling his motion in arrest of judgment, on the ground that the indictment is fatally defective in failing to charge an offense.

The statute upon which the indictment is founded, section 15 of chapter 144 of the Code, is as follows:

"If any male person carnally know a female, not his wife, against her will by force, or if any male person who is over the age of sixteen years carnally know a female, not his wife, under that age, he shall be punished with death or with confinement in the penitentiary for life, or if the jury add to its verdict a recommendation for mercy, with confinement in the penitentiary for not less than five years nor more than twenty years, provided, always that this section shall not apply to any male person under sixteen years of age who shall carnally know a female over twelve years of age with her free consent."

Counsel for defendant contend that the indictment should have alleged that the defendant was over sixteen years of age and that the prosecuting witness was not his wife. The indictment charges that the act was committed "with force and arms." Where force is charged, it is not necessary to allege the age of the defendant. Carnal knowledge of a female against her will by a male person of any age, who is old enough to perform the act, is rape, by the statute as well as by the common law; and lack of capacity is a matter of defense, which need not be anticipated by pleading. *State v. Wright*, 91 W. Va. 500; *State v. Tippens*, Id. 504.

For the proposition that the indictment should have alleged that the prosecuting witness was not the wife of defendant, we are cited to our case of *State v. Fudge*, 96 W. Va. 109. In that case it was charged that the assault was made by R. R. Fudge, a male person over the age of sixteen years, upon one Myrtle Fudge, a female child under the age of sixteen years, the statutory offense being wholly relied upon. It was there

held that the indictment should have been quashed, because not averring that the girl was not the wife of the accused; but the court said: "The averment need not be made in specific terms, if from the language of the indictment it may reasonably be inferred; but from our examination of the authorities we do not think the language used in the indictment under consideration sufficient for that purpose."

Here the indictment, by the use of "with force and arms", is sufficient to charge the common-law offense of rape, and though our statute, by the reenactment in 1921, includes the words "not his wife," is it not sufficient to charge the offense as at common law? At common law it was not necessary to allege the marital relation, though that relation was a complete defense to the charge of rape. The statute does not change the nature of the offense. And where it may reasonably be inferred that no marital relation exists, as by the names of the parties, no injustice is done the accused, for he may show such relationship by evidence. And in *State* v. *Fudge, supra,* it is said: "Where a statute is merely declaratory of the common law in relation to a crime, the indictment may follow the statute or be in the common law form. 31 C. J. 712; Bishop on Statutory Crimes, (Third Ed.), p. 181; Bishop's New Criminal Procedure, (Second Ed.), secs. 97, 599."

At the request of the state, the court instructed the jury that consent is not a defense where the assault complained of is by a male person over the age of sixteen years upon a female under that age. The only evidence of the act complained of was the testimony of the prosecutrix, and she testified that defendant forcibly took her to a dark room, choked her when she attempted to make an outcry, and against her will and by force had sexual intercourse with her. There is no evidence of consent. The defendant admits that the girl was in the grocery store where he was employed, making some purchases, but denies that he touched her. This instruction was not justified where the indictment charged common-law rape, and the state's evidence was apparently introduced on that theory.

State's instruction number two told the jury "that they may find the defendant guilty as charged in the indictment on the uncorroborated testimony of Mattie Lantz, the prose-

cuting witness, alone." While this may be an abstract statement of the law, it is incomplete as an instruction to the jury. It does not take into consideration all the corroborating facts and circumstances in evidence, nor does it say that the jury must be convinced by all the evidence beyond a reasonable doubt of the guilt of the accused.

State's instruction number four is clearly erroneous. It told the jury that "if they believe from the evidence in this case, beyond a reasonable doubt, that one or more witnesses knowingly testified falsely respecting any material matter in the case that the jury is at liberty to disbelieve all the testimony of any such witness or witnesses, given in the case." The jury are not at liberty to disbelieve *all* the testimony of a witness simply because they believe he has knowingly testified falsely in regard to *one* material matter. They should give to the remainder of his testimony such credibility as they believe it to be entitled to. *State* v. *Lutz*, 85 W. Va. 330; *State* v. *Weisengoff*, 89 W. Va. 279, and cases cited.

From the evidence it appears that the defendant left the state and went to the state of Pennsylvania when he learned that a warrant for his arrest had been issued. Later, after bail had been arranged, he returned and voluntarily surrendered himself to the court and applied for bail. He says the only reason he left the state was because he didn't want to be put in jail, and understood he could not be admitted to bail. The facts and circumstances attending the efforts of his relatives to secure bail are corroborative of his reason for leaving. No attempt was made to secure his return by extradition. At the instance of the state, the court gave to the jury the following instruction: "The court instructs the jury that if they believe from the evidence that on the night immediately following the commission of the crime charged against him the prisoner fled to the state of Pennsylvania, then in that case, the jury, in determining the question of guilt or innocence of the accused may take into consideration the flight of the defendant along with all other facts and circumstances introduced in evidence in the case." In the first place this instruction assumes the commission of a crime. Whether or not the alleged crime was committed is one of the vital issues in the case. And this instruction singles out and calls particular

attention to the alleged flight of the defendant without calling attention to the evidence of his motive in leaving the state, temporarily as he claims. The mere fact that the accused left the state may not be evidence of guilt. "At the most it is only one of a series of circumstances to be considered by the jury with the reasons that prompted it, tending to show guilt or by which an inference of guilt may be raised, and it has no probative force unless it satisfactorily appears that the accused fled to avoid arrest or imprisonment for the crime charged. Even then, its force is slight, depending on the efforts made, the means employed, and the motives and knowledge by which the act was accomplished." Underhill on Criminal Evidence, (Third Ed.), sec. 203. The fact of defendant's voluntary return was as significant as that of his leaving the state, as a circumstance giving rise to a presumption of guilt or innocence from his acts. "An instruction which singles out and gives undue prominence to certain facts in evidence to the exclusion of other facts equally important and as decisive of the issues involved, is improper." *State* v. *Ison,* 104 W. Va. 217, and cases there cited.

As the judgment must be reversed for the errors on the trial above set out, it becomes unnecessary to comment on the weight of the evidence or say whether or not it was sufficient to sustain the verdict.

The judgment will be reversed, the verdict of the jury set aside, and the defendant awarded a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*