92 P.2d 157

**STATE v. WALTON.**

No. 4387.

Supreme Court of New Mexico.

June 20, 1939.

J. L. Lawson, of Alamogordo, and Holt & Holt, of Las Cruces, for appellant.

Frank H. Patton, Atty. Gen., and A. M. Fernandez, Asst. Atty. Gen., for the State.

MABRY, Justice.

This is an appeal from a conviction upon a charge of statutory rape, alleged to have been committed at Alamogordo, Otero County, New Mexico, upon a girl of the age of fourteen years and therefore under the age of consent.

There are several assignments of error, but we shall notice here only those that we deem important and which raise questions determinative of the appeal.

Appellant assigns error in the Court's permitting, over objection of ap-

pellant, the prosecutrix to be asked and allowed to answer the question of whether she had ever had sexual intercourse with any person other than the appellant. She answered that she had not had other intercourse. Objection was upon the ground that this was self serving testimony. This testimony was offered prior to the time that a doctor was called and testified that he examined the prosecutrix about July 28, 1937. Then, upon objection on the part of appellant further testimony as to the examination by the doctor and what it disclosed the court held as inadmissible, as too remote. Appellant did not move to strike the testimony of the doctor as far as it had gone. It may fairly be said that the objection urged was too general to call for review of its overruling. In any event, after the court refused to permit further testimony by the doctor as to what his examination disclosed, as being too remote, the testimony of the prosecutrix heretofore referred to became and was at most, harmless error. Upon motion, it could and probably should have been stricken. There was no such motion. No error can be predicated upon this testimony in the absence of a showing of prejudice, which we hold is not shown here. State v. Pruett, 22 N.M, 223, 160 P. 362, L.R.A.1918A, 656.

A number of assignments of error are grouped together and argued under the second point presented and which is to the effect that the story told by the prosecutrix is so highly and inherently improbable as to be unworthy of belief. Appellant argues that the substantial evidence rule ordinarily

to be invoked in support of judgments and verdicts, has no application in a rape case such as this, even if there be such evidence to support the verdict, which he claims there is not.

Since we must reverse the judgment on account of an error of the trial court hereafter to be noted, and remand the case for a new trial wherein the evidence may not be the same as presented on the present record, we find it unnecessary to discuss the last mentioned assignment of error. However, in contemplation of such new trial, we deem it advisable to consider the argument of counsel embodied in the inquiry: "Must there be corroboration of the prosecutrix, direct or circumstantial?"

In State v. Shults, 43 N.M. 71, 85 P.2d 591, we reviewed the authorities upon the question of the necessity of corroboration in cases of this character and pointed out that it has never been the rule in this state and is not now the rule that in cases of rape the testimony of the prosecutrix must be corroborated, in the sense that such term is sometimes used; and further, that we did not in State v. Taylor, 32 N.M. 163, 252 P. 984, overrule State v. Ellison, .19 N.M. 428, 144 P. 10. In the Shults case we said [43 N.M. 71, 85 P.2d 593]: "In the Taylor case, and in the case of State v. Clevenger, [27 N.M. 466, 202 P. 687], we held that the facts attempted to be proved by the complaining witness were so inherently improbable that in the absence of at least evidence of some 'unequivocal fact pointing unerringly * * * to appellant's guilt', the conviction should not

stand; for otherwise, the conviction was without substantial support in the evidence; and in so holding, we are supported by the decisions of other courts."

In the Shults case we distinguished between the common law rule and that applying in cases of statutory rape, where there is absence of such corroboration as outcry, torn and disarranged clothing, wounds or bruises. These corroborating facts need not appear, we said, where consent is immaterial and force is not used. But corroborating facts of this sort do not necessarily occur in statutory rape. There we have only to determine that the testimony of the prosecuting witness is not inherently improbable.

It is assigned as error that the court refused to give the jury the following and other like instruction: "You are further instructed that in a case of this character, where the charge is denied by the defendant under oath, unless the testimony of the prosecutrix is corroborated by the testimony of some other credible witness shown to be fair and willing and able to tell the truth and who testifies to some unequivocal fact unerringly pointing to the commission of the particular crime charged, the defendant is entitled to an acquittal; and unless you find that the testimony of the prosecutrix in this case has been corroborated by testimony of the character last mentioned, then it will be your duty to acquit the defendant."

We have stated a number of times that if the facts attempted to be proved by the prosecuting witness were inherent-

ly improbable, then in the absence of at least evidence of some unequivocal fact pointing unerringly to the defendant's guilt, the conviction could not stand. State v. Shults, 43 N.M. 71, 85 P.2d 591, and cases there reviewed. But this rule applies only in cases in which the facts attempted to be proved by the prosecuting witness are inherently improbable and not to the testimony of any prosecuting witness in this character of case, as the requested instruction imports

■ It remains for the trial court upon motion 'for a directed verdict or through other appropriate action, or for this court upon review, to say whether there be evidence of any fact or circumstance which tends to establish the truth of prosecutrix's testimony so as to bring it within the rule requiring substantial evidence to support the verdict of conviction. No instruction upon corroboration was required. "The question for the jury was, did the defendant commit the crime as charged?" State v. Ellison, supra.

In view of a somewhat confused situation that has arisen through the years in disagreement of counsel in the interpretation of the rule respecting corroboration as we have treated the ˙ subject from the earliest cases until now, it might be well to clearly and definitely state that we do not consider that Justice Parker, in the language used in State v. Ellison, 19 N.M. at page 449, 144 P. at page 17, laid down or announced a rule of law, when he said: "It is of course true, in a sense the testimony of a prosecutrix must be corroborated," etc.

This reference and the language immediately following had nothing to do with the question of the character of corroboration referred to being one of concern for the jury and upon which there should be an instruction. Already, in the opinion, it had been definitely stated that counsel for the state and the defendant in that case had both mistakenly relied upon the rule that there must be corroboration of the testimony of the prosecutrix. We then said that it was immaterial that an instruction of the trial court was to the effect that such corroboration need not come from some other source than the prosecutrix, but rather that the act of the prosecutrix in reporting the alleged assault to her mother or some other person at the earliest opportunity would constitute corroboration of her testimony and thus meet the rule.

This court was dealing with and approving a rule of law when we said in that case upon an abundance of authority there cited: "Corroboration is required in many of the states by statute. But in the absence of a statute a man may be convicted of rape on the uncorroborated testimony of a strumpet, or he may be convicted on the uncorroborated testimony of a girl below 10 years of age."

The court's further careful and detailed analysis of earlier New Mexico cases upon the subject should have been sufficient to show that in the absence of a statute so requiring, the rule in New Mexico was

not unlike the rule in other states, and that corroboration was not required. Yet, we know the language employed in this opinion as above referred to, appearing in 19 N.M. on page 449, 144 P. at page 16, as well perhaps as some language used in State v. Edie, 6 N.M. 555, 30 P. 851, and Mares v. Territory, 10 N.M. 770, 65 P. 165, and perhaps others, has, judging from the manner of the presentation of the question by attorneys in subsequent cases and the character of approach to the subject by many trial courts, left considerable doubt in the minds of the courts and the bar. Even the court of a sister state, that of Oklahoma, in the case of Brenton v. Territory, 15 Okl. 6, 78 P. 83, 84, 6 Ann. Cas. 769, decided in 1904, has misconceived the rule as laid down in New Mexico by our earlier cases. There it is stated by Chief Justice Burford, in holding that such corroboration in the absence of a statute would not be required: " * * * and, in the absence of any such special provision, the general rule prevails that the jury are the sole judges of the sufficiency of the proof, and a conviction may be had upon the uncorroborated evidence of one witness. Where the Legislature has undertaken by statute to regulate such matters, the process of judicial ingrafting should be rarely exercised. The rule of requiring the prosecutrix to be corroborated in rape cases is followed, it is believed, in but one state and one territory, except where adopted by statute, viz., Nebraska and New Mexico."

So, it may not be amiss to remark that the bench and bar of our own state are not alone in their disagreement over the interpretation of the New Mexico rule.

We now hold anew, and in line with what seems to us the plain intendment of the language employed in the Ellison case, that the testimony of a prosecutrix needs no corroboration as the term is generally used and understood in states having statutes upon the subject, and; if Justice Parker in the Ellison case used what might appear as inconsistent language in discussing later in the opinion the term "corroboration", such language was used merely as explanatory of the situation always to be found in cases of this character, as justified by human experience, and not in any sense as limiting or restricting the language earlier employed in that opinion.

That is to say, if the so-called explanatory language may be so construed as to in any sense lay down a rule of law that would modify or limit the earlier statement in the case where corroboration is definitely declared not a requirement, we here and now announce our complete disagreement with such interpretation. We find no justification for a contrary construction in either the general rule (see 22 R.C.L. 1222, par. 55 notes 9 and 10 and Underhill's Criminal Evidence, 4th Ed., par. 672, note 95) which we were there endeavoring to follow, or in the language of the opinion itself.

We hold that in no case of rape is an instruction upon corroboration necessary or required.

■ Appellant complains of the court's exclusion of his proffered testimony regarding two strokes of paralysis which he suffered, upon the theory that it supported his claim and corroborated his defense of impotency at the time of the alleged offense. We think no error can be predicated upon the exclusion of this very indefinite evidence of incapacitating illness so far as it might affect appellant's sexual powers. The last stroke referred to was suffered in 1928. The wife testified to sexual relations with the appellant within a period of about two years of the time of the trial. She said there were no subsequent relations because "he lost his sexual powers". It is fair to assume that the evidentiary value of any testimony touching upon a stroke in 1912, and another in 1928, would be slight, if indeed of any, value. We hold there was no prejudicial error in excluding this testimony. Had appellant himself testified to his loss of sexual power and attempted to fasten the fact to prior illness, and but for the wife's statement of relations up to within two years, a different question might have arisen.

■ Error is assigned because the trial court refused to give appellant's requested instruction upon the question of flight. We hold that the difference between the instruction requested by appellant and that given by the court is negligible. We recognize that we are committed to the definition as laid down in State v. Rodriguez, 23 N.M. 156, 167 P. 426, L.R.A.1916A, 1016, with reference to instruction upon flight, but the instruction of the court in the case at bar correctly sets forth the law, although a better word than "establish" used in reference to guilt could have been found. For example, "indicate". But the court, through its instructions as a whole, has properly stated the law and there was no error in refusing instructions proposed by the appellant. The instruction given by the court reads: "The court instructs the jury that the flight of a person immediately after he has information leading him to apprehend that he will or may be charged with a crime, if the jury believe there was flight, is a circumstance tending to establish his guilt as to such crime. It is not sufficient in itself to establish guilt, but a circumstance which the jury may consider in determining the probabilities for or against him, —the probabilities of his guilt or innocence. The weight to which that circumstance is entitled is a matter for the jury to determine, in connection with all the facts called out in the case, in connection with any explanation in relation thereto offered in behalf of such person."

■ We now come to the question of the failure of the court to instruct upon the question and defense of "impotency". It is conceded that appellant tendered a correct instruction, if the issue of impotency was in the case, and this the attorney general denies. There was no instruction upon the question given of the court's own motion or otherwise. It then becomes necessary to examine the testimony admitted and offered upon the ques-

tion to determine whether the defense of impotency should have been submitted with a proper instruction.

The Attorney General concedes that if the testimony of the wife, wherein she stated that the appellant had not had sexual intercourse with her since about two years previous to the time of the trial, "because he had lost his sexual powers", can be taken as a statement of fact rather than a conclusion, then there is evidence in the case of impotency on the part of appellant and such instruction as appellant presented and was denied, should have been given. Appellant himself did not testify or offer to testify as to his impotency, unless one brief statement may be said to answer for such. Just why he did not, or did not do so more clearly at least in view of the reliance upon that defense, is not clear. He was not permitted to show all the illness he had suffered in 1912 and 1928, as heretofore referred to, but his wife testified that there had been no sexual relation since about two years ago, giving the reason without objection, that it was because "he lost his sexual powers".

Appellant, in testifying, touched only once upon his impotency, if indeed it can be considered as such, when the following question and answer was given: "Q. Mr. Walton, how long has it been since you have had sexual intercourse? A. About three years." The inference sought to be drawn, doubtless, was that appellant had experienced no such intercourse because he was impotent. That may not be true. Abstinence from this experience for three years by a man living with his wife, who is normal in all respects so far as the record shows, does perhaps indicate impotency though it does not prove it. Other reasons might control.

However, appellant was entitled to have the case so presented that every legal defense fairly urged, and having support in the evidence, should go to the jury under proper instructions. It has been held in New Mexico that impotency is even a defense to the charge of assault with attempt to rape. State v. Ballamah, 28 N.M. 212, 210 P. 391, 26 A.L.R. 769. It is here held that impotency is relevant to "the intent with which the assault is made."

Since impotency is recognized generally as a defense to the charge of rape, and a defense which the accused has a right to go to the jury under proper and full instructions (Wharton's Criminal Law, 8th Ed., Sec. 552; 22 R.C.L. 1192; 52 C.J. 1075; State v. Ballamah, supra), if we find any evidence of such in the case at bar the court's refusal to give either appellant's requested instruction or one of the court's own motion is reversible error.

It is contended that the testimony of the wife that her husband had "lost his sexual powers" was a mere conclusion. The attorney general does not contend that the expert testimony of a doctor should have been offered upon the question, yet, no doubt expert testimony would have been the best testimony, but is appellant bound by what would have been the best testimony? If there was any substantial testimony upon this issue as a defense, the question should

have been submitted. And, we hold there was such testimony offered by the wife, going to a question of fact and which was not a conclusion merely. The question of appellant's impotency should have been submitted under proper instruction by the court.

The cause will therefore be reversed and remanded for new trial, and it is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and SADLER, JJ., concur.