154 P.2d 224

## STATE v. RICHARDSON.

### No. 4846.

Supreme Court of New Mexico.

Nov. 21, 1944.

Rehearing Denied Jan. 9, 1945.

Caswell S. Neal, of Carlsbad, H. A. Kiker, of Santa Fe (on motion for rehearing), for appellant.

Edward P. Chase, Atty. Gen., and C. C. McCulloh, Asst. Atty. Gen., for appellee.

BRICE, Justice.

The appellant was convicted upon a charge of having raped a female "under the age of 16 years, to-wit, 14 years of

age", and has appealed from the judgment of the court, sentencing him to serve a term of years in the state penitentiary.

The information was in the following language: "That the defendant W. R. (Bob) Richardson, on the 6th day of August, 1943, in the County of Eddy, State of New Mexico, did unlawfully commit the crime of rape upon one (naming child), she being then a female minor under the age of 16 years, to-wit: 14 years of age, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of New Mexico."

The statute upon which the charge was based is as follows: "A person perpetrating rape upon or an act of sexual intercourse with a female when the female is under the age of sixteen (16) years, or when over sixteen (16) years of age, through idiocy, imbecility, or any unsoundness of mind, either temporary or permanent, she is incapable of giving consent, or when her resistance is forcibly overcome, or when her resistance is prevented by stupor or by weakness produced by an intoxicating, narcotic or anaesthetic agent, administered by or with the privity of the defendant, is punishable by imprisonment for not less than one (1) nor more than ninety-nine (99) years." Sec. 41-3901 N.M. Comp. 1941.

The trial court's instructions to the jury contain the following:

"This is a criminal case, in which the State of New Mexico, by an information filed in this Court on the 18th day of September, 1943, charges the defendant, W. R. Richardson, in the first count, with having sexual intercourse with (naming child), a female minor under the age of sixteen years. * * *

"The material allegations contained in the information which must be proved to your satisfaction and beyond a reasonable doubt by the evidence introduced in this case, are:

"a. That the defendant, W. R. Richardson, did have sexual intercourse with (naming child);

"b. That at said time the said (naming child) was a female under the age of sixteen years. * * *"

Regarding these instructions the appellant assigns error as follows: "The court erred in instructing the jury as if the offense charged in the first count of the information was the act of sexual intercourse with a female when the female was under the age of 16 years, instead of instructing the jury that the crime charged was 'rape' of a female under the age of 16, the cause having been tried upon the theory that the offense charged had been committed by 'committing rape' upon the female, (naming her); and in failing to instruct the jury upon the crime of *rape*."

The instructions complained of were not objected to below; nor was the question now being considered raised there.

Rule 51(g) of Civil Procedure, 1941 Comp. § 19-101, is as follows: "For the

preservation of any error in the charge, objection must be made or exception taken to any instruction given; or, in case of a failure to instruct on any point of law, a correct instruction must be tendered, before retirement of the jury. Reasonable opportunity shall be afforded counsel so to object, except or tender instructions."

As we understand, appellant contends that the crime of "rape" and that of "sexual intercourse with a female when the female is under the age of sixteen years" are distinct and different crimes, and that the latter is not rape.

It is asserted that the appellant was not convicted of the crime charged in the information; that the questioned instructions had no reference to such crime; that the crime charged was common law rape which is defined to be the "carnal knowledge of a woman by force or against her will," and that no such crime was proved, or referred to in the trial court's instructions to the jury.

For the reasons stated, appellant claims that his fundamental rights have been violated, and that the question may be raised for the first time in this court, citing State v. Taylor, 32 N.M. 163, 252 P. 984. If appellant was charged with common law rape only, then his conviction was fundamentally wrong, and the judgment of the district court should be reversed.

The original act (Ch. 24, L. 1887) was entitled "An Act to provide for the adequate punishment of the crimes against women and children—Rape—Abduction— Carnal abuse of children and seduction." Section 1 of that act was amended by Ch. 51, N.M.L. 1915, changing the original age of consent to 16 years, otherwise the language is unchanged. The title of this act is: "An Act Amending Section 1090 of the Compiled Laws of 1887 of the State of New Mexico, Relating to the Crime of Rape."

By Ch. 110 of N.M.L. 1923, the statute was enacted in its present form, increasing the penalty to not less than one nor more than 99 years' imprisonment, but otherwise the language is identical. The title of this act is: "An Act to Amend Section 1485 of New Mexico Statutes Annotated, Code of 1915; and Section 1 of Chapter 51 of the Session Laws of 1915, Relating to the Crime of Rape."

A preliminary question is whether "sexual intercourse with a female when the female is under the age of sixteen years" with her consent, is rape.

The Territorial Court in Territory v. Edie, 6 N.M. 555, 30 P. 851, 852, held that the statute "merely defines the various means by which the same offense (rape) may be committed." This court has, several times, referred to this crime as "statutory rape." State v. Ellison, 19 N.M. 428, 144 P. 10; State v. Taylor, 32 N.M. 163, 252 P. 984; State v. Shults, 43 N.M. 71, 85 P.2d 591; State v. Walton, 43 N.M. 276, 92 P.2d 157.

The Massachusetts statute Pub.St. 1882, c. 202, § 27 is in the following language: "Whoever ravishes and carnally knows a

female of the age of ten years or more by force and against her will, or unlawfully and carnally knows and abuses a female child under the age of ten years, shall be punished by imprisonment in the state prison for life, or for any term of years." The question was, as here, whether with the child's consent an act of sexual intercourse with her is rape. The supreme judicial court of Massachusetts, in Commonwealth v. Roosnell, 143 Mass. 32, 8 N.E. 747, 750, said: "In England, the definitions of 'rape' have sometimes included the statutory offense of carnal knowledge of a young child. Thus: 'Rape is felony, by the common law, declared by parliament, for the unlawful and carnal knowledge and abuse of any woman above the age of ten years, against her will, or of a woman child under the age of ten years, with her will or against her will.' 3 Coke, Inst. 60. 'Rape is the carnal knowledge of any woman above the age of ten years, against her will, and of a woman child under the age of ten years, with or against her will.' 1 Hale, P.C. 628. See, also, page 631. In East, P.C. 436, it is said: 'This last offense (viz., unlawful abuse of a child) is not, properly speaking, a rape, which implies a carnal knowledge against the will of the party, but a felony created by this statute, (18 Eliz. c. 7, § 4) under which the consent or non-consent of the child, under the age of ten years, is immaterial.' Other writers have directly, or by implication, included the statutory offense within the term 'rape.' See 4 Bl. Comm. 212; 1 Gabb.Crim. Law 832; Roscoe, Crim.Ev. (7th Ed.) 289, 851. But,

however it may have been elsewhere, in Massachusetts the offense of unlawfully and carnally knowing and abusing a female child under the age of 10 years is, and for more than 200 years has been, known and designated as 'rape.'"

The statute of Kentucky on the same question is as follows: "Whoever shall unlawfully, carnally know a female under the age of sixteen years, or an idiot, shall be confined in the state penitentiary not less than ten nor more than twenty years." Ky. St. 1909, § 1155.

The Court of Appeals of Kentucky in Nider v. Commonwealth, 140 Ky. 684, 131 S.W. 1024, 1025, Ann.Cas.1913E, 1246, held that the crime denounced by this statute "is a lower degree of the offense of rape, and is included in it."

The statute of Florida is as follows: "Whoever ravishes and carnally knows a female of the age of ten years or more, or by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death or by imprisonment in the state prison for life." F.S.A. § 794.01.

It was held that in either of the cases mentioned in the statute "the crime denounced is rape."

There are cases that hold the crime of carnally knowing a child under the age of consent is not rape; but for many years, and perhaps since the enactment of the statute, the crime has been generally known and designated in this state as "rape" and

the titles to the amendatory acts indicate that the Legislature construed every crime denounced by the statute as rape.

■ For the purpose of determining the legislative intent we may look to the title, and ordinarily it may be considered as a part of the act if necessary to its construction. State ex rel. State Corporation Commission v. Old Abe Co., 43 N.M. 367, 94 P. 2d 105, 124 A.L.R. 1085.

If there are crimes denounced by this statute that have no relation to that of rape, then to that extent the statute is unconstitutional in that it violates Sec. 16 of Art. 4 of the New Mexico Constitution, which is as follows: "The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills, and bills for the codification and revision of the laws; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void. * * *"

■ The subject of the act is the crime of rape, which may be committed in any of the ways described in the statute, and such was the legislative meaning, as the title indicates, and so it has been generally known and designated for many years. We conclude that the crime of rape may be perpetrated in any of the ways stated in the statute.

■ The information charged the appellant with having committed the crime of rape of a female under 16 years of age; and it is sufficient for the State to prove that he had sexual intercourse with her with or without her consent.

■ As the information designated the crime charged as rape, it would have been more logical had the trial court so designated it in his instructions to the jury. The appellant made no objection to these instructions, and we are of the opinion that he was not harmed thereby. We conclude that no fundamental rights of the appellant have been denied him.

■ It is asserted that the court erred in giving instruction number 8, which is as follows: "The court instructs the jury that it is not essential to a conviction of this case that the prosecutrix, (naming her), should be corroborated by the testimony of other witnesses as to the particular acts constituting the offense. It is sufficient if you believe from her testimony, and all of the facts and circumstances in proof in the case of the guilt of the defendant beyond a reasonable doubt, that the crime charged has been committed."

We do not find in the record any objection made by the appellant to the giving of this instruction. It correctly states the law, and has been approved in numerous cases. People v. Akey, 163 Cal. 54, 124 P. 718; People v. McMillon, 59 Cal.App. 785, 212 P. 38; People v. Von Perhacs, 20 Cal.App. 48, 127 P. 1048; People v. Liggett, 18 Cal. App. 367, 123 P. 225; Laycock v. People, 66 Colo. 441, 182 P. 880; State v. Loomer, 105 Kan. 410, 184 P. 723; State v. Patchen, 37 Wash. 24, 79 P. 479; State v. Schilan-

sky, 105 W.Va. 549, 143 S.E. 307; State v. Orth, 101 Kan. 183, 165 P. 652.

It is asserted that the trial court erred in not giving to the jury the following requested instruction: "You are instructed that while in this jurisdiction, it is not necessary that the testimony of the prosecutrix be corroborated by testimony of an independent character emanating from some outside source, nevertheless the bold charge of a woman against a man in this regard, uncorroborated by the facts and circumstances pointing to the guilt of the accused, is insufficient to sustain a conviction and in this case in determining the guilt or innocence of the defendant of the offense charged, it is your duty to consider the reasonable probability of the testimony of the prosecuting witness and to examine all the surrounding facts and circumstances tending to establish the truth, and you should not convict the defendant unless from the testimony of the prosecuting witness and all of the circumstances surrounding the case, you believe beyond a reasonable doubt of his guilt and have abiding conviction of the truth of the charge."

 The trial court did not err in refusing to give this instruction to the jury. We have stated in a number of cases that the district court should, and that we will, examine the evidence with great care to determine whether the testimony of the prosecuting witness is inherently improbable; and if so that in the absence of some evidence of some fact unequivocally and unerringly pointing to the defendant's guilt, a conviction will not be permitted to stand. State v. Taylor, 32 N.M. 163, 252 P. 984; State v. Clevenger, 27 N.M. 466, 202 P. 687; State v. Armijo, 25 N.M. 666, 187 P. 553. The instruction to the jury that it is required to find from the evidence beyond a reasonable doubt that the defendant committed the crime charged before it is warranted in returning a verdict of guilty, advises it that it is not to return a verdict of guilty upon evidence that is inherently improbable.

We have had occasion heretofore to quote from the opinion of Mr. Justice Simms in State v. Paiz, 34 N.M. 108, 277 P. 966, as follows: "Cases of rape and other sexual offenses against women necessarily stand on a somewhat different footing from other criminal cases, as regards the extreme care which must be taken by the courts to protect the fundamental rights of the accused. The heinousness of the charge, the popular sympathy for the victim, and the abhorrence all normal people feel for the perpetrator, conspire to inflame and almost unbalance the sober judgment of ordinarily reasonable and conservative people. Too often the jury feels that by convicting the defendant the prosecutrix is acquitted and exonerated, and unless great care is taken the trial is liable to become a contest for vindication, with the woman receiving the benefit of all doubts and the defendant bearing the unlawful burden of exculpating himself."

Often, in such cases, an appellate court remains the only protection of a defendant

against the verdicts of juries influenced by passion that has dethroned their judgment, and even that of the trial court. State v. Duckett, 24 N.M. 28, 172 P. 189; State v. Armijo, supra; State v. Clevenger, supra; State v. Taylor, supra. This tendency was noted by Sir Matthew Hale in language that has become the basis of a cautionary instruction. He said: "It must be remembered that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent;" and that courts should "be the more cautious upon trials of offenses of this nature, wherein the court and jury may with so much ease be imposed upon without great care and vigilance; the heinousness of the offense many times transporting the judge and jury with so much indignation that they are over-hastily carried to the conviction of the person accused thereof by the confident testimony sometimes of malicious and false witnesses." 1 Hale P.C. p. 636.

If, at the close of the testimony in such cases, the trial court is well satisfied that the insufficiently supported testimony of the prosecuting witness is so inherently improbable that a verdict based thereon would be a miscarriage of justice, he should instruct the jury to return a verdict of not guilty on motion of the defendant, or on his own motion. If the trial court fails in his duty in that regard, a defendant may question the sufficiency of the evidence in this court, and his appeal will not be in vain if we are convinced that the verdict is not justified because of the inherent improbability of the prosecuting witness's testimony, if lacking in substantial support. State v. Clevenger, supra.

Invoking the doctrine stated, appellant asserts that there is no substantial evidence pointing to the appellant's guilt of the crime charged. We have examined with great care the testimony in this case with a view of determining whether, within the rule stated, there is substantial evidence to support the verdict of the jury.

The prosecuting witness testified that she lived at a tourist camp near Carlsbad, New Mexico, with her uncle and aunt and that the appellant, whom she had known about a week, had an office adjoining her bedroom. That on the evening of August 6, 1943, appellant knocked on her open window and asked her to open the back door, that he had something to tell her. She went to the door and he told her he wanted to see her that night. He came back about 3 o'clock in the morning and wakened her. She unhooked the screen at his request and he came into the room. She had a bull dog in the room and put him in her brothers' room, adjoining, where the boys were sleeping. Appellant told her not to talk loud, that she would be heard. She had on her bathrobe over her night gown, with her slippers on. Appellant asked her to go to his car, which she refused to do but he "just took me and shoved me out." After they reached the porch she sat down, but "he shoved me in on the driver's side and started driving to the country." He drove to a dead-end road

and stopped the car, got out and went to the back of the car. She could not get out on the right side because the door would not open. She got out under the wheel. She testified he then "took me down on the ground," and recited the facts constituting his having sexual intercourse with her. He then brought her back to her home and left her. This was on Friday night. He came back to her room that night, but she refused to let him in and threatened to tell her aunt. On the next night he came again, and then she told her aunt of the occurrence of Friday night. She persistently testified that she did not willingly permit the appellant to have sexual intercourse with her; but her testimony in that regard is so inherently improbable that we conclude that she willingly went with appellant and consented to the crime.

The following are a few of the facts so convincing that we have no hesitancy in deciding this question in appellant's favor. She unlatched the door at 3 o'clock in the morning and permitted him to come into her room. Her brothers were sleeping in an adjoining room with a thin partition between, and she made no outcry. She put her bull dog in their room and might have awakened them or remained there, but she came back to appellant. She got into his car, notwithstanding her uncle and aunt and many other people were within a few feet of her. If she had shown the least inclination to secure the assistance which was all around her, human nature is such that we know the appellant would have left immediately. This testimony was upon an immaterial issue, that is, whether she consented to the sexual intercourse that followed, as it is alleged.

It is not the fact of intercourse, but whether it was accomplished by force and against the will of the female, that ordinarily is the basis of reversals under the doctrine stated. She may not hesitate to testify to intercourse; but reluctantly, if at all, will she admit that she consented thereto. The doctrine has application particularly to cases in which the female is above the age of consent, in which it must be proved that intercourse was accomplished by force or against the will of the woman. But we may consider these improbable stories in determining whether the prosecuting witness did in fact have sexual intercourse with appellant. In a similar case the Supreme Judicial Court of Maine said: "We are not convinced that it is physically impossible for the attack to have been made as described. Stress is laid on the fact that the girl claims she was forced to submit, and it is argued that the situation of the parties prevented intercourse unless both were willing. The prosecutrix, although she resisted at first, may have finally become passive. Her claim of resistance may be entirely false. *The jury, however, were undoubtedly aware, as all men know, that a young girl, when discovered in her shame, often seeks refuge in a story of unwilling submission to force.* They saw her, heard her testify, and believed that the respondent could and did have intercourse with her at the time and

place she named. They were not bound to reject her entire testimony because her story of the use of force seems doubtful. Falsus in uno, falsus in omnibus, is not a binding maxim. When applied to a story of this sort, it may properly be deemed of little weight." (Our emphasis.) State v. Morang, 132 Me. 443, 172 A. 431, 432.

But the State does not depend entirely on the testimony of the prosecuting witness. She testified that appellant knocked at her window to attract her attention about 9:30 o'clock on Friday evening, and this was corroborated by the testimony of two other witnesses. Her aunt testified that on Saturday evening, 15 or 20 hours after the occurrence, the prosecuting witness told her the details of the events of Friday night. A physician testified that he examined her vagina on Monday morning following and that the posterior part showed tears and extensive bruising and swelling, from which "I would say that there had been a penetration from 24 to 48 hours prior to the examination, that the hymen had been destroyed and that it appeared to have been done recently because of the raw edges, raw surfaces of the torn hymen." While on cross examination the physician testified that the bruises might have been made by an instrument, there was no testimony indicating that any instrument had been used.

■ On Sunday following the alleged crime the appellant told his wife he was going to take a trip "right then." "We packed up in about 20 minutes and started," his wife testified. She did not know where they were going. They went to Las Vegas, Nevada, where he secured work. He had considerable property near Carlsbad, consisting of an interest in a ranch and livestock and in the camp in question. He was working in Nevada when arrested and was thereafter returned to New Mexico for trial. The facts and circumstances stated are substantial proof of appellant's guilt of the offense of rape.

■ It is asserted that the trial court erred in permitting the district attorney, over the objection of the appellant, to ask the witness Charles Rayford "the following questions and requiring said witness to answer them." No questions are stated but reference is made to the transcript, pp. 156-157. The particular testimony or the substance of it should have been set out in the assignment.

On page 156 objection was made to the question, "What did you tell us that Charlie Spillars had told you?" It was not answered and not repeated. On page 157 of the record it appears that a witness was asked, "Had anybody said anything to you to keep you from wanting to be a witness in the case?" The objection was, "I object to the term 'anybody'. I would like to find out who." The objection was overruled and the witness answered the question and also answered that Charlie Spillars was the one who had advised him not to be a witness. We find no error in the ruling of the court in view of the objection made.

554

It is also asserted that the trial court erred in admitting certain other testimony, not specified in the assignment, but reference is made to a page of the transcript. The objection made to testimony on that page of the transcript was that it was "improper". This objection is too general to be considered here. Mares v. New Mexico Public Service Co., 42 N.M. 473, 82 P. 2d 257.

The judgment of the district court should be affirmed, and it is so ordered.

SADLER, C. J., and BICKLEY, MABRY, and THREET, JJ., concur.

On Motion for Rehearing.

BRICE, Justice.

No new ground is stated for reversal in appellant's motion for rehearing. He again asserts that the district court erred in giving to the jury its instruction No. 8. He calls attention to the following statement in our opinion: "We do not find in the record any objection made by the appellant to the giving of this instruction." Literally this statement is not correct, but substantially it is. The objection to instruction No. 8 is as follows:

"Mr. Neal: Comes now the defendant and excepts to the Instruction No. 8 given by the Court for the reason we feel under the particular circumstances of this case the jury should be told that the bare charge of a woman against a man in connection with a case of this kind, uncorroborated by other witnesses tending to show the guilt of the accused should be properly presented, and we specifically request the Court in lieu of Instruction No. 8 to give Instruction No. 2 requested by the defendant. We understand it to be the law that a jury may convict upon the uncorroborated testimony of a woman in this type of case, but where portions of the story may be regarded by the jury as improbable considering the fact no complaint was made for some time, and other facts and circumstances in the case, we feel that a more detailed instruction upon the matter should be given by the Court in accordance with a ruling of the Supreme Court in various cases involving this question."

The objection made is not that instruction No. 8 did not correctly state the law, but that the defendant *felt* "under the particular circumstances of the case" that his requested instruction No. 2 should be given in lieu thereof. This in legal effect is no objection to instruction No. 8, as we have held that the trial court did not err in refusing to give to the jury requested instruction No. 2. For review exceptions to instructions must be specific. State v. Ascarate, 21 N.M. 191, 153 P. 1036.

Appellant now raises seven specific objections to that instruction, none of which were presented to or ruled upon by the district court, and all or the most of which amount to the contention that nothing should be stated in the instruction regarding corroboration (or lack of corroboration) of the testimony of the prosecuting witness. As will be seen from the objection made, it

was not contended below that this instruction did not correctly state the law. Indeed the tendered instruction contained practically the same language to which appellant now objects. It is as follows: "You are instructed that while in this jurisdiction it is not necessary that the testimony of the prosecutrix be corroborated by testimony of an independent character emanating from some outside source, etc. * * *" It is enough to say that not a single objection made to this instruction on motion for rehearing was presented for consideration below and no contention was made there that the instruction was legally erroneous. Questions not presented or passed upon by the district court (with certain exceptions) are not reviewable on appeal. Thomas v. Johns, 35 N.M. 240, 294 P. 327.

While it is not error to give such instruction, we held in State v. Walton, 43 N.M. 276, 92 P.2d 157, that instructions upon corroboration were not required; and we doubt the wisdom of giving it over the objection of a defendant, notwithstanding it expresses a correct rule of law, and it is not error to give it. It may do unintended harm in this character of case. We are satisfied from a careful review of the evidence that the verdict of the jury was correct, and appellant was not harmed by the instruction.

Another contention made is without merit. The motion for a rehearing will be overruled.

SADLER, C. J., and MABRY, J., concur.

LUJAN, J., did not participate.

BICKLEY, Justice (concurring).

I concurred in the original opinion because I was convinced that there was no prejudicial error in giving instruction No. 8 and refusing defendant's requested instruction No. 2, assuming the point to have been properly presented.

As to corroboration, instruction No. 8 says only that the prosecutrix need not be corroborated "by the testimony of other witnesses", and then it says that it is sufficient "if you believe from her testimony, and all of the facts and circumstances in proof in the case of the guilt of the defendant beyond a reasonable doubt, that the crime charged has been committed." (Emphasis supplied.)

It is thus seen that this language does not dispense with corroboration of facts and circumstances in proof. It only dispenses with corroboration of other witnesses. Also, the italicized conjunction "and" is significant and emphatic. This warns the jury that they are not to rely upon the prosecutrix's story alone.

And, repeatedly, in other instructions the jury is told that the material allegations in the information "must be proved to your satisfaction and beyond a reasonable doubt by the evidence introduced in the case."

The jury is instructed that they are not bound to decide in conformity with the testimony of witnesses "which does not produce conviction in your minds".

These admonitions seem equivalent to saying that the jury may disregard testi-

mony which is inherently improbable, for how can testimony which is inherently improbable be sufficient to prove facts "to the satisfaction of the jury" beyond a reasonable doubt or "produce conviction in (their) minds".

So, I conclude that the jury was not misled by instruction No. 8 or by the absence of defendant's requested instruction No. 2.